# EMILY MONTANARO, EXECUTRIX (ESTATE OF ELLEN BERTY) *v.* DENNIS GORELICK ET AL.
## (AC 21791)

Spear, Mihalakos and Shea, Js.[1]

Argued February 14—officially released October 29, 2002

[1] This appeal was argued before a panel comprised of Judges Spear, Mihalakos and Shea. Although Judge Spear agreed with the other judges regarding the resolution of this appeal, he died before he had the opportunity to concur with the written decision. The parties stipulated, however, that they would not reargue the appeal to this court with a panel consisting of the original two judges and an additional judge. Rather, the parties stipulated that they would permit the remaining two judges alone to render a written decision.

*Richard L. Pate,* for the appellant (substitute plaintiff).

*A. Reynolds Gordon,* with whom was *Frank A. DeNicola, Jr.,* for the appellees (defendants).

*Opinion*

MIHALAKOS, J. In this fraudulent conveyance case, the trial court found that the statute of limitations barred three counts of the plaintiff's seven count complaint and rendered judgment thereon in favor of the defendant Dennis Gorelick.[2] The plaintiff[3] appeals, claiming that the court improperly ruled that her reply was legally insufficient to plead a matter in avoidance of the statute of limitations.[4] The plaintiff attached to her reply a copy of a Bankruptcy Court order that precluded the defendant from raising the statute of limitations as a defense.[5] We affirm the judgment of the trial court because we conclude that although the reply was

[2] The defendants include the named defendant, Dennis Gorelick, individually and as trustee, as well as Glenn Gorelick, individually and as trustee, and Gail Gorelick, individually. The plaintiff appeals from only the judgment as to counts one, two and four, and briefed only her claims as to Dennis Gorelick. We refer to Dennis Gorelick as the defendant.

[3] The original plaintiff was Emily Montanaro, executrix of the estate of Ellen Berty. On June 18, 1999, Suzanne Sutton, the bankruptcy trustee for the defendant, was substituted as the plaintiff.

[4] The plaintiff also claims that her complaint sufficiently raised the bankruptcy order in avoidance of the statute of limitations and that the court improperly refused to rule on her posttrial motion to amend her reply. Those claims are subsumed in our discussion of the sufficiency of the reply.

[5] The bankruptcy order stated in relevant part: "ORDERED that the debtor, Dennis Gorelick, having waived any defense relying on the statute of limitations to the claim of fraudulent conveyances shall be estopped from asserting such defense in state court against the movant, Emily Montanaro [the original plaintiff in this action], in her suit against Dennis Gorelick."

legally sufficient, the court properly disregarded the Bankruptcy Court order.

The following facts and procedural history are relevant to the plaintiff's appeal. In August, 1996, the plaintiff, Emily Montanaro, in her fiduciary capacity, obtained a judgment against her nephew, Dennis Gorelick in the amount of $147,716.06. In December, 1996, Dennis Gorelick filed a bankruptcy petition in the United States Bankruptcy Court for the District of Connecticut. On November 18, 1997, the plaintiff filed a motion for relief from the automatic bankruptcy stay granted to Dennis Gorelick. The Bankruptcy Court granted the plaintiff's motion, allowing her to proceed with her action to collect the 1996 judgment. The Bankruptcy Court also concluded that Dennis Gorelick had waived the defense of the statute of limitations and ordered that he "shall be estopped" from raising it in state court (estoppel order).[6] On December 1, 1997, Dennis Gorelick timely filed a motion to vacate that portion of the order that precluded him from raising the statute of limitations as a defense. That motion never was decided because the bankruptcy case was dismissed in its entirety on January 8, 1998.

In March, 1998, the plaintiff commenced a fraudulent conveyance action against the defendant, alleging that he had made seven fraudulent transfers of real property to family members to avoid, to hinder or to delay her collection of the 1996 judgment. The defendant filed an answer denying all claims of fraudulent conveyances and asserted by way of a special defense that the statute of limitations had run on each of the seven counts pursuant to General Statutes § 52-552j.[7] The plaintiff

[6] The defendant and his attorney were not present at the November, 1997 hearing on the plaintiff's motion.

[7] General Statutes § 52-552j provides: "A cause of action with respect to a fraudulent transfer or obligation under sections 52-552a to 52-552l, inclusive, is extinguished unless action is brought: (1) Under subdivision (1) of subsection (a) of section 52-552e, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the

then filed a reply to the special defenses that denied them and offered "the attached order in support thereof." That order was the relief from stay and the estoppel order.

Following a six day trial, the parties filed briefs. At that time, the plaintiff attached to her reply brief a motion for leave to amend her reply to the defendant's special defenses. The defendant filed an objection. In a memorandum of decision, the court ruled in favor of the defendant on counts one, two and four of the complaint and refused to adjudicate the plaintiff's motion for leave to amend her reply to the special defenses. This appeal followed.

The plaintiff's primary claim is that the court improperly found that she did not sufficiently plead matters in avoidance of the statute of limitations defense. Specifically, the plaintiff asserts that the language in her amended complaint, as well as the language in the attached Bankruptcy Court order, sufficiently apprised the defendant and the trial court of her theory that the bankruptcy order tolled the running of the statute of limitations. Thus, the plaintiff argues, the defendant had fair notice and did not suffer undue prejudice or surprise.

The defendant, in response, argues that the plaintiff may not assert the bankruptcy order in avoidance of the statute of limitations because it was not properly pleaded. He further argues that the plaintiff did not specifically plead the bankruptcy order until after the trial, resulting in unfair notice, undue prejudice and surprise.

transfer or obligation was or could reasonably have been discovered by the claimant; (2) under subdivision (2) of subsection (a) of section 52-552e or subsection (a) of section 52-552f, within four years after the transfer was made or the obligation was incurred; or (3) under subsection (b) of section 52-552f, within one year after the transfer was made or the obligation was incurred."

The court concluded that the plaintiff's reply did not satisfy the requirements set forth in Practice Book § 10-2[8] because it did not apprise the defendant of the factual basis for not filing her action within the statutory period. The court further concluded that the plaintiff's reply failed to conform to Practice Book § 10-57.[9] That failure left the court and the defendants "to speculate as to whether the matter in avoidance is: (i) the binding effect of the bankruptcy order because it is federal in nature; (ii) the doctrine of tolling; (iii) the doctrines of waiver and/or estoppel." In reaching its decision, the court focused only on the facial insufficiency of the plaintiff's reply and did not attempt to look at the pleadings and the record as a whole. Although we do not encourage this type of pleading, we conclude that the reply was legally sufficient.

Initially, we note that "[t]he interpretation of pleadings is always a question of law for the court"; (internal quotation marks omitted) *Daley* v. *Wesleyan University*, 63 Conn. App. 119, 127, 772 A.2d 725, cert. denied, 256 Conn. 930, 776 A.2d 1145 (2001); and, thus, our review is plenary. "Accordingly, we must determine whether, as a matter of law, the [pleadings were] legally sufficient." *Cotto* v. *United Technologies Corp.*, 251 Conn. 1, 42, 738 A.2d 623 (1999).

Our court has noted in the past that "[t]he complaint is required only to fairly put the defendant on notice of the claims against him." (Internal quotation marks omitted.) *Lyons* v. *Nichols*, 63 Conn. App. 761, 764, 778

---

[8] Practice Book § 10-2 provides in relevant part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. . . ."

[9] Practice Book § 10-57 provides: "Matter in avoidance of affirmative allegations in an answer or counterclaim shall be specially pleaded in the reply. Such a reply may contain two or more distinct avoidances of the same defense or counterclaim, but they must be separately stated."

A.2d 246, cert. denied, 258 Conn. 906, 782 A.2d 1244 (2001). "As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Internal quotation marks omitted.) *Dornfried* v. *October Twenty-Four, Inc.*, 230 Conn. 622, 629, 646 A.2d 772 (1994).

When we review the legal sufficiency of a pleading, substance is considered over form. Our ultimate concern is to assure substantial justice between the parties and, thus, "[t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the [pleading] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded . . . ." (Citations omitted; internal quotation marks omitted.) Id. Finally, the practice of reading pleadings broadly applies to special defenses as well. *Doe* v. *Yale University*, 252 Conn. 641, 683, 748 A.2d 834 (2000); see also Practice Book §§ 10-1[10] and 10-2.

We acknowledge that it would have been a better practice for the plaintiff to have specially alleged the factual basis for her claim of avoidance of the statute of limitations, rather than simply attaching the bankruptcy

---

[10] Practice Book § 10-1 provides: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation. If any such pleading does not fully disclose the ground of claim or defense, the judicial authority may order a fuller and more particular statement; and, if in the opinion of the judicial authority the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the judicial authority."

order to her reply. Nevertheless, our review of the plaintiff's pleading, in accordance with the foregoing legal principles, satisfies us that the pleadings in no way caused the defendant to suffer prejudice or surprise. It is clear from the record that the plaintiff relied on the Bankruptcy Court's order as a defense to the statute of limitations. A fair reading of the whole of the pleadings convinces us that the plaintiff's original reply provided sufficient notice to the defendant and the court of the plaintiff's factual basis and theory in support of her claim of avoidance of the statute of limitations.

Although we conclude that the plaintiff's pleadings were legally sufficient, that does not end our analysis. The question remains whether the court improperly concluded that the bankruptcy order did not preclude the defendant from raising the statute of limitations as a special defense.[11]

In deciding against the plaintiff, the court ruled that the bankruptcy estoppel order was unenforceable. The court based its conclusion on the following two critical determinations: "First, this court does not construe the bankruptcy order concerning the statute of limitations as having a preclusive effect on this court. The court is aware of no authority for a federal Bankruptcy Court to limit or control a party's right to assert a defense in a state court lawsuit. Such court clearly has the right to determine the consequences for doing so when that party subsequently seeks relief from that court. That,

---

[11] The plaintiff asserts that the only issue before us is the legal sufficiency of her reply because the court's decision on that issue is the determinative ruling. She claims that, consequently, the trial court's legal conclusions as to the efficacy of the Bankruptcy Court order are premature and irrelevant. She argues that if we conclude that her reply is legally sufficient, then she is entitled to a new trial. We disagree. Despite its conclusion that the reply was legally insufficient, the court still considered the claim as to the Bankruptcy Court order on the merits and rejected the claim. The plaintiff is not entitled to a "second bite of the apple."

however, is a matter for which this court has no concern.

"Second, the evidence demonstrates persuasively that there exists a substantial question as to whether [the defendant] knowingly and voluntarily waived the defense. The court reaches this conclusion on the basis of [the defendant's] testimony and the record of pleadings before the Bankruptcy Court which evidences [his] attempt to have that prohibition set aside."

We need not decide whether the court properly concluded that the Bankruptcy Court's order was unenforceable; rather we will decide on a different ground. It is well settled that "[t]his court can sustain a decision on a theory different from that adopted by the trial court." *Tevolini* v. *Tevolini*, 66 Conn. App. 16, 32, 783 A.2d 1157 (2001). Here, the Bankruptcy Court's dismissal of the defendant's petition before adjudication of the motion to vacate the estoppel order terminated the proceeding and rendered the estoppel order unenforceable.[12] Therefore, the plaintiff had no basis to interpose that order in avoidance of the statute of limitations defense.[13]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[12] Here, the defendant entered into evidence a copy of the bankruptcy order. We take judicial notice of the Bankruptcy Court's proceedings. See *McCarthy* v. *Warden*, 213 Conn. 289, 293, 567 A.2d 1187 (1989) (court took judicial notice of court pleadings in federal District Court even though that file was not formally made part of record in state court), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990).

[13] Although the plaintiff had the opportunity to brief that issue, she chose not to do so, dismissing this claim, as well as the defendants other claimed grounds for affirmance, as irrelevant.