VERONICA PELLETIER *v.* WILLIAM GALSKE III
(AC 28212)

McLachlan, Harper and Mihalakos, Js.

Argued October 19—officially released December 18, 2007

*Thomas P. Willcutts*, for the appellant (plaintiff).

*Christopher L. Brigham*, with whom, on the brief, were *Barbara A. Frederick* and *Ffiona M. McDonough*, for the appellee (defendant).

### Opinion

HARPER, J. The plaintiff, Veronica Pelletier, appeals from the judgment of the trial court rendered in favor of her former attorney, the defendant, William Galske III, after the court granted the defendant's motion to strike the plaintiff's complaint. The plaintiff claims that the court improperly found that the complaint failed to

state a claim sounding in breach of contract against the defendant. We disagree with the plaintiff and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's claim. The plaintiff instituted this action in a one count complaint filed January 26, 2006. In her complaint, the plaintiff alleged that in May, 2001, she had retained the defendant to represent her in connection with her purchase of a condominium unit. The plaintiff alleged that when the defendant accepted her fee for the purchase of the condominium unit, an attorney-client contract was formed. The plaintiff further alleged that the defendant breached his contractual duties in one or more of the following ways: by failing to advise her that the condominium unit was classified as an affordable housing unit; by failing to advise her that, as an affordable housing unit, the condominium unit would be subject to resale price limitations for a period of twenty years; by failing to have her sign an acknowledgement that the defendant had explained the affordable housing covenants that applied to the condominium unit; and by failing to explain those affordable housing covenants to her.

The plaintiff also alleged that, as a result of the defendant's breach of his duties under the attorney-client contract, she had expended large sums of money on improvements to the condominium unit and would not be able to recover such sums in a future sale. Finally, the plaintiff alleged that in agreeing to act as her attorney in connection with the closing, the defendant contracted "to deliver a specific result, namely to deliver title to the condominium unit at the closing with no restrictions on potential resale, but failed to do so."

Thereafter, on April 21, 2006, the defendant filed a motion to strike the plaintiff's complaint, arguing that the plaintiff's cause of action properly sounded in tort,

not contract. The defendant argued further that the plaintiff attempted to bring a breach of contract claim, rather than a tort claim, because she had failed to bring suit prior to the expiration of the three year statute of limitations period applicable to claims for legal malpractice under General Statutes § 52-577.[1] The plaintiff filed an objection to the defendant's motion to strike, in which she argued that her complaint properly stated a claim for breach of an implied contract with the plaintiff because the defendant had failed to inform her that she was purchasing an affordable housing unit or, in the alternative, to deliver title free from affordable housing restrictions.

On September 11, 2006, the court heard oral argument on the defendant's motion to strike. By order dated September 19, 2006, the court granted the defendant's motion to strike, providing as follows: "An implied contract to deliver good title to real estate is in essence a negligence claim and is insufficient to sustain a contract claim against an attorney based solely on the contract of engagement. *Rapco, Inc.* v. *Louis*, Superior Court, judicial district of Hartford, Docket No. CV-00-0803569-S (March 27, 2002) (*Hon. Jerry Wagner*, judge trial referee) (31 Conn. L. Rptr. 559)." Pursuant to Practice Book § 10-44, the defendant subsequently filed a motion for judgment on October 5, 2006, requesting that judgment enter on the court's order granting his motion to strike. The court granted the defendant's motion for judgment. This appeal followed.

---

[1] The conduct at issue occurred in May, 2001, and the plaintiff commenced suit approximately four and one-half years later in January, 2006. The plaintiff was time barred by the three year statute of limitations for tort actions. See General Statutes § 52-577 ("action founded upon a tort shall be brought but within three years from the date of the act or omission complained of"). A breach of contract action, however, carries a six year statute of limitations, and the plaintiff would not be time barred from bringing such an action. See General Statutes § 52-576 (a) ("action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues").

We begin by setting forth the applicable standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary." (Internal quotation marks omitted.) *Pamela B.* v. *Ment*, 244 Conn. 296, 307, 709 A.2d 1089 (1998). "Although ordinarily—indeed, in most cases—in reviewing a motion to strike, the court must take the plaintiff's allegations at face value, that rule is not absolute." *Gazo* v. *Stamford*, 255 Conn. 245, 262, 765 A.2d 505 (2001). When a defendant's liability to a plaintiff is premised, however, "on principles of tort law . . . the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint;" id.; and consequently a reviewing court may "pierce the pleading veil" to ensure that such is not the case. Id., 263. Thus, in doing so, we look beyond the language used in the complaint to determine the true basis of the claim. Id.

"Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint. . . . Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . . The elements of a breach of contract action are the formation of an agreement, performance by one party, breach of the agreement by the other party and damages." (Citation omitted; internal quotation marks omitted.) *Rosato* v. *Mascardo*, 82 Conn. App. 396, 410–11, 844 A.2d 893 (2004).

Courts have held that tort claims cloaked in contractual language are, as a matter of law, not breach of contract claims. See id., 411–12, citing *Barnes* v.

*Schlein*, 192 Conn. 732, 735, 473 A.2d 1221 (1984) (complaint sounded in negligence because gravamen of suit was alleged failure by defendant to exercise requisite standard of care); *Rumbin* v. *Baez*, 52 Conn. App. 487, 491–92, 727 A.2d 744 (1999) (claim essentially medical malpractice clothed in language of contract because there was no allegation of breach of contractual duty); *DiMaggio* v. *Makover*, 13 Conn. App. 321, 323, 536 A.2d 595 (1988) (complaint sounded in malpractice and was absolutely barren of any allegation that defendant breached any contractual duty owed to plaintiff); *Shuster* v. *Buckley*, 5 Conn. App. 473, 478, 500 A.2d 240 (1985) (language of complaint sounded in tort, not contract). "Just as [p]utting a constitutional tag on a non-constitutional claim will no more change its essential character than calling a bull a cow will change its gender . . . putting a contract tag on a tort claim will not change its essential character. An action in contract is for the breach of a duty arising out of a contract; an action in tort is for a breach of duty imposed by law." (Citation omitted; internal quotation marks omitted.) *Gazo* v. *Stamford*, supra, 255 Conn. 262.

The court properly concluded that the plaintiff's complaint sounds only in tort and does not state a legally sufficient claim of breach of contract.[2] A fair reading

[2] The plaintiff argues that her complaint sets forth a legally sufficient claim of breach of contract, regardless of whether her professional liability action for breach of contract contains an allegation of a promise for a specific result. The plaintiff reasons that such an allegation of a promise for a specific result is not required under *Rosato* v. *Mascardo*, supra, 82 Conn. App. 396. In *Rosato*, the defendant argued that courts in Connecticut have generally disallowed contract claims in medical malpractice actions when they do not contain a claim for breach of a promise to achieve a particular result. Id., 411. The court reasoned: "We read the cases relied on by the defendant for that proposition differently. In those cases, the courts restricted the contract claims not because the plaintiffs did not plead a failure to achieve a particular result, but because their claims sounded in malpractice and failed to disclose any breach of a contractual duty owed to them by the defendants." Id., citing *Barnes* v. *Schlein*, supra, 192 Conn. 735; *Rumbin* v. *Baez*, supra, 52 Conn. App. 487; *DiMaggio* v. *Makover*, supra, 13 Conn. App. 321; *Shuster* v. *Buckley*, supra, 5 Conn. App. 473. Our holding

of the complaint reveals that the gravamen of the action was the alleged failure by the defendant to exercise the requisite standard of care in failing to advise the plaintiff that the condominium unit she purchased was an affordable housing unit and, as such, was subject to resale price limitations for a period of twenty years, failing to have her sign an acknowledgement that the defendant had explained the affordable housing covenants that applied to the condominium unit and failing to explain those affordable housing covenants to her. Nothing in the plaintiff's complaint removes her claim from the ambit of malpractice. Notwithstanding that embedded in the language of the plaintiff's claim are the contractual rudiments of promise and breach, "[w]here the plaintiff alleges that the defendant negligently performed legal services . . . the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." *Shuster* v. *Buckley*, supra, 5 Conn. App. 478.

As a matter of law, the complaint sets forth a legal malpractice claim. As a malpractice claim, the sole count in the complaint is not governed by the six year statute for contract actions set forth in General Statutes § 52-576 but, rather, was time barred by the three year statute of limitations for tort claims set forth in § 52-577.[3] The court, therefore, properly granted the defendant's motion to strike the plaintiff's complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

---

in the present case is not premised on the existence of a lack of an allegation that a specific result was promised but on the allegations of the plaintiff's complaint generally. Thus, this argument is not persuasive. Although "one may bring against an attorney an action sounding in both negligence and contract . . . one [cannot] bring an action in both negligence and contract merely by couching a claim that one has breached a standard of care in the language of contract." (Citation omitted.) *Caffery* v. *Stillman*, 79 Conn. App. 192, 197, 829 A.2d 881 (2003).

[3] See footnote 1.