## JAMES P. PURCELL ASSOCIATES, INC. *v.* J. MARTIN HENNESSEY ET AL.
### (AC 27515)

Schaller, Lavine and McDonald, Js.

Argued May 30—officially released December 18, 2007

*Steven W. Varney*, for the appellant (plaintiff).

*Patrick W. Boatman*, with whom, on the brief, was *Jenna N. Sternberg*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, James P. Purcell Associates, Inc., appeals from the judgment of the trial court rendered in favor of the individual defendant, J. Martin Hennessey.[1] On appeal, the plaintiff claims, in essence, that the court improperly failed to find that the individual defendant was unjustly enriched. We affirm the judgment of the trial court.

The individual defendant is a real estate developer, and the corporate defendant, The Hennessey Company, Inc., is a Connecticut corporation he formed in 1992. In December, 1998, the individual defendant, as manager of the corporate defendant, signed an agreement between the plaintiff and the corporate defendant. In January, 1999, the individual defendant signed, as the "G.P." of the corporate defendant, an agreement

---

[1] The corporate defendant, The Hennessey Company, Inc., stipulated to a judgment against it in the amount of $95,234.29.

between the plaintiff and the corporate defendant. The agreements called for the plaintiff to provide civil engineering services for the development of a senior housing project in Glastonbury. In April, 2004, the plaintiff commenced this action against the defendants, alleging that it had fully performed its obligations under the agreements and that the defendants had failed to make payment, despite a demand to do so.

In December, 2003, the individual defendant had commenced an action against SunAmerica Affordable Housing Partners, Inc. (SunAmerica), alleging breach of contract for the development of a housing project in Hartford and for the senior housing project in Glastonbury. The individual defendant alleged against SunAmerica, in part: "In reliance upon the agreement, [the individual defendant] incurred significant development expense in preparing to acquire the property and commence construction thereon." The action against SunAmerica was settled prior to trial.

At trial in the present action, the plaintiff sought to use the individual defendant's[2] allegation in the SunAmerica complaint as an admission by the individual defendant that he is the party that benefited from the plaintiff's services. The plaintiff sought to use that admission to obtain a judgment against the individual defendant under the doctrine of unjust enrichment. The plaintiff seems to imply that the individual defendant took action in the name of the corporate defendant or in his name individually depending on the better situation for him personally.[3]

---

[2] See *Perreira* v. *Pringle*, 255 Conn. 330, 346, 766 A.2d 400 (2001); *Tough* v. *Ives*, 162 Conn. 274, 283, 294 A.2d 67 (1972) (complaint from companion case "admissible as an admission because it is a statement [made] by a party in a prior action to which he was also a party").

[3] The plaintiff did not allege that the corporate veil should be pierced to reach the individual defendant.

Although the plaintiff was required to prove other facts to prevail on a claim of unjust enrichment, the resolution of this appeal turns on the question of which entity entered into the contract with SunAmerica for the development of the Glastonbury and Hartford projects—the individual defendant or the corporate defendant. Our review of the record discloses, however, that the plaintiff failed to place the SunAmerica contract into evidence or to offer other proof of it at trial. The court concluded that "[w]hat was said in the other lawsuit that was referenced . . . could have been filed for different purposes, for different considerations, as far as what was acknowledged in there . . . ."

"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . Unjust enrichment is, consistent with the principles of equity, a broad and flexible remedy. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. . . .

"Furthermore, the determination of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion." (Internal quotation marks omitted.) *Jo-Ann Stores, Inc.* v. *Property Operating Co., LLC*, 91 Conn. App. 179, 194, 880 A.2d 945 (2005).

By not introducing the SunAmerica contract into evidence, the plaintiff failed to offer sufficient evidence to prove that the individual defendant had alleged that

he had incurred expenses individually as the result of a contract entered into by the corporate defendant. The plaintiff, therefore, cannot prevail on its claim that the trial court was required to find that the individual defendant's prior pleadings were an admission that the corporation's expenses and benefits were attributable to him individually.

The judgment is affirmed.

In this opinion SCHALLER, J., concurred.

MCDONALD, J., dissenting. I respectfully dissent. The plaintiff, James P. Purcell Associates, Inc., sued the defendants, J. Martin Hennessey, individually, and The Hennessey Company (Hennessey Co.), a corporation that Hennessey controlled.[1] The plaintiff alleged in its complaint that the individual defendant, Hennessey, was unjustly enriched by $95,000, the amount owed to the plaintiff for engineering services provided on a Glastonbury senior housing project.

In support of its claim against Hennessey, the plaintiff produced undisputed evidence that Hennessey had personally sought money damages from SunAmerica Affordable Housing Partners, Inc. (SunAmerica), because Hennessey claimed, relying on SunAmerica's agreement to provide funding for the Glastonbury senior housing development, that he personally "incurred significant development expenses . . . ." Thereafter, Hennessey received $80,000 for the withdrawal of that action, in which he claimed that SunAmerica had withdrawn its funding without cause. It was also undisputed that the plaintiff was never paid for the development services it had provided on the project.

---

[1] At trial, Hennessey Co. did not contest the plaintiff's claim for reimbursement.

The trial court found in favor of Hennessey, relying on the existence of a contract for professional services that was entered into by the plaintiff with Hennessey Co., and not with Hennessey individually. Determining that "this case really has to rise or fall [on the basis of] what the particular specifics are pursuant to the contract in this case," the court concluded that Hennessey was entitled to the protection of corporate limited liability.

On appeal, Hennessey's principal argument is that the existence of a contract between two parties providing for an express remedy precludes the application of the doctrine of unjust enrichment. See *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 284, 649 A.2d 518 (1994); *Pleines* v. *Franklin Construction Co.*, 30 Conn. App. 612, 616, 621 A.2d 759 (1993). In this case, the contract was between the plaintiff and Hennessey Co., and the contractual remedy was, as Hennessey argued, a claim against the corporation only.

As to the plaintiff's claim of unjust enrichment, the majority points out the plaintiff's failure to introduce evidence of the contract with SunAmerica. A review of the record, however, reveals that the plaintiff asked the trial court to take judicial notice of Hennessey's complaint in the SunAmerica action. Hennessey did not object to the request, and the court expressly referred to the complaint in its decision. Therefore, I would conclude that the court took judicial notice of the complaint filed by Hennessey in the SunAmerica litigation. See *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003) ("[t]here is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties" [internal quotation marks omitted]); see also *Montanaro* v. *Gorelick*, 73 Conn. App. 319, 326 n.12, 807 A.2d 1083 (2002). The SunAmerica complaint

alleged that Hennessey personally entered into a contract with SunAmerica pursuant to which SunAmerica agreed to fund the development.

It was undisputed that a law firm, an architecture firm and the plaintiff engineering firm were the only providers of development services for the project. Their development services resulted in the bills that Hennessey now claims were not personally incurred. By receiving a settlement in his personal capacity from SunAmerica based on the cost of work performed by the plaintiff for Hennessey Co. and not paid for, Hennessey unjustly received a benefit separate and distinct from the benefit conferred on Hennessey Co. See *Marlin Broadcasting, LLC* v. *Law Office of Kent Avery, LLC*, 101 Conn. App. 638, 651, 922 A.2d 1131 (2007). Accordingly, because the court's actions were contrary to the undisputed evidence and were thus clearly erroneous, I would reverse the judgment as to Hennessey and order a new trial.