******************************************************

The "officially released" date that appears near the be-
ginning of each opinion is the date the opinion will be pub-
lished in the Connecticut Law Journal or the date it was
released as a slip opinion. The operative date for the be-
ginning of all time periods for filing postopinion motions
and petitions for certification is the "officially released"
date appearing in the opinion.

All opinions are subject to modification and technical
correction prior to official publication in the Connecticut
Reports and Connecticut Appellate Reports. In the event of
discrepancies between the advance release version of an
opinion and the latest version appearing in the Connecticut
Law Journal and subsequently in the Connecticut Reports
or Connecticut Appellate Reports, the latest version is to
be considered authoritative.

The syllabus and procedural history accompanying the
opinion as it appears in the Connecticut Law Journal and
bound volumes of official reports are copyrighted by the
Secretary of the State, State of Connecticut, and may not
be reproduced and distributed without the express written
permission of the Commission on Official Legal Publica-
tions, Judicial Branch, State of Connecticut.

******************************************************

AMY B. GOTTESMAN *v.* MARK M. KRATTER
(AC 44297)

AMY B. GOTTESMAN *v.* MARK M.
KRATTER ET AL.
(AC 44388)

Elgo, Alexander and Harper, Js.

*Syllabus*

In two separate actions, the plaintiff sought to recover damages from the defendant attorney, K, in the first action for, inter alia, legal malpractice and breach of contract, and from the defendant law firms K Co. and M Co. in the second action for, inter alia, legal malpractice and transferee liability, in connection with an underlying marital dissolution proceeding. In the first action, the trial court granted K's motion to strike the count of the complaint sounding in breach of contract and granted K's motion for summary judgment on, inter alia, the count sounding in legal malpractice. In the second action, the court granted K Co. and M Co.'s motions for summary judgment on, inter alia, the counts of the complaint sounding in legal malpractice and transferee liability. On the plaintiff's appeal to this court, *held*:

1. The trial court properly rendered summary judgment in favor of K, K Co. and M Co. as to the plaintiff's legal malpractice claims against them: the plaintiff, who did not dispute that an expert witness was required in order for her to prove her legal malpractice claims, failed to meet the deadline set place in the scheduling order in each action for the disclosure of an expert in support of her claims; moreover, even after the deadline had passed, the court never indicated that it would not consider the opinion of an expert submitted by the plaintiff in opposition to the defendants' motions for summary judgment; furthermore, although the plaintiff filed motions for permission for late disclosure of an expert witness, the motions did not identify any expert or the substance of opinions to be provided and the plaintiff never disclosed an expert before the court rendered judgment.

2. The trial court properly granted K's motion to strike the count of the plaintiff's complaint sounding in breach of contract; the count alleged a claim for legal malpractice rather than for breach of contract, as it was not a claim that K breached the retainer agreement with the plaintiff but rather a claim that K negligently performed professional services.

3. The trial court properly rendered summary judgment in favor of K Co. and M Co. as to the plaintiff's transferee liability claim against them; because the court found no liability on the part of K Co., the predecessor law firm to M Co., there was no successor liability that could attach to M Co.

Argued November 8, 2021—officially released March 15, 2022

*Procedural History*

Action, in two cases, for, inter alia, legal malpractice, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Hon. Kenneth B. Povodator*, judge trial referee, granted the defendant's motions to strike and for summary judgment in the first case and rendered judgment thereon, from which the plaintiff appealed to this court; thereafter, in the second case, the action was withdrawn as to the named defendant; subsequently, in the second case, the court, *Hon. Kenneth B. Povodator*, judge trial referee, granted the motions for summary judgment filed by the defendant Law Offices of Mark M. Kratter, LLC, et al. and rendered judgment thereon, from which

the plaintiff appealed to this court. *Affirmed.*

*Kenneth A. Votre,* for the appellant in Docket Nos. AC 44297 and AC 44388 (plaintiff).

*Raymond J. Plouffe,* for the appellee in Docket No. AC 44297 (defendant).

*Raymond J. Plouffe,* for the appellees in Docket No. AC 44388 (defendant Law Offices of Mark M. Kratter, LLC, et al.).

*Opinion*

HARPER, J. These two appeals arise from actions brought by the plaintiff, Amy B. Gottesman, concerning an underlying marital dissolution action. In Docket No. AC 44297, the plaintiff appeals from the judgment of the trial court granting (1) the motion for summary judgment filed by the defendant, Mark M. Kratter, on the plaintiff's claim for legal malpractice against Kratter and (2) the motion to strike count two of the revised complaint alleging breach of contract. Specifically, she claims that the court erred in granting summary judgment for failure to disclose an expert witness when she had not been precluded from disclosing an expert and because the time in which she was required to disclose had not yet expired. With respect to the motion to strike, she claims that the court erred in concluding that the allegations in the revised complaint failed to allege that the defendant breached an agreement to reach a specified result. In Docket No. AC 44388, the plaintiff appeals from the judgment of the trial court granting the motion for summary judgment filed by the defendant law firms, the Law Offices of Mark M. Kratter, LLC, and Kratter & Gustafson, LLC,[1] as to counts one and thirteen of the third revised complaint, which alleged claims against the law firms for legal malpractice and transferee liability, respectively. Specifically, she claims that the court improperly rendered summary judgment because the law firms failed to demonstrate the absence of a genuine issue of material fact and because the time in which she had to disclose an expert witness in support of her claim of legal malpractice against the law firms had not yet expired. Although the appeals have not been consolidated,[2] we write one opinion for purposes of judicial economy in which we assess the claims raised in both appeals. We affirm the judgments of the trial court.

The following facts, viewed in the light most favorable to the plaintiff, and procedural history are relevant to our resolution of these appeals. The plaintiff had retained Kratter,[3] acting through his law firm Kratter & Gustafson, LLC,[4] to represent her in a divorce action against her former husband, Amir Sibboni. During the representation, Kratter prepared a settlement agreement that he recommended the plaintiff sign. The agreement provided for the division of assets, alimony, parental responsibilities, titles to vehicles and real estate, and interests in real and personal property. The four real properties that were subject to the agreement were located in Norwalk. The properties were subject to mortgages that the plaintiff argues were created, "by virtue of a scheme established by [Sibboni] and his business counsel to borrow [money] against the property and leave her with the debt." The plaintiff alleges that Kratter, as her counsel in the marital dissolution matter, committed legal malpractice when he failed to address the issue of the fraudulent loans. The crux of

her claim is that Kratter, acting on behalf of the law firms, negligently advised her to accept the settlement agreement.

The plaintiff claims that the settlement agreement had several shortcomings, including leaving her without sufficient funds to carry the mortgages on the four real properties subject to the agreement. In addition, the plaintiff claims that Kratter failed to put forth an adequate effort to secure for her other items of marital property, failed to obtain a fair division of personal property, and negligently advised her to take possession of the property located at 20 Woodbury Avenue despite the fact that the mortgages were secured fraudulently with her forged signature.

On April 10, 2017, the plaintiff commenced the first underlying action, which concerns the appeal in AC 44388, against five defendants: Kratter; the law firms; Sibboni; and Anthony E. Schwartz, doing business as the Law Offices of Anthony E. Schwartz, who had represented Sibboni in certain real estate transactions related to the plaintiff's actions. On May 2, 2017, the action was withdrawn as against Kratter after Kratter had filed a bankruptcy action. The operative complaint, a third revised complaint dated February 9, 2018, alleges six counts as to the law firms, including count one sounding in legal malpractice, count two sounding in breach of contract, count six sounding in equitable tolling, count nine sounding in intentional misrepresentation, count ten sounding in negligent misrepresentation, and count thirteen sounding in transferee liability.[5]

After the court struck count two, the law firms filed a motion for summary judgment on December 17, 2019, as to the remaining counts against them, which was granted on July 20, 2020, as to counts one, six, nine and ten but denied as to count thirteen. On August 12, 2020, the law firms again filed a motion for summary judgment as to count thirteen, the final remaining count, which was granted on November 2, 2020. The appeal in AC 44388 concerns the summary judgment rendered in favor of the law firms as to counts one and thirteen of the third revised complaint.

The plaintiff commenced the second underlying action, which concerns the appeal in AC 44287, on June 6, 2017, against Kratter in his individual capacity. The operative complaint, dated February 9, 2018, alleges five counts sounding in legal malpractice, breach of contract, equitable tolling, intentional misrepresentation, and negligent misrepresentation, respectively. On May 7, 2018, Kratter moved to strike the second count of the operative complaint—the claim for breach of contract. On August 10, 2020, the court granted the motion to strike the second count of the revised complaint.

On January 30, 2019, the court ordered that the

"scheduling order filed and accepted in docket number FST-CV-17-6031889-S [the first underlying action] is hereby adopted as the scheduling order for this case (the parties have agreed to such adoption in a telephonic status conference on January 30, 2019.)" The scheduling order states that the plaintiff's deadline to disclose an expert witness was April 15, 2019.

Kratter filed a motion for summary judgment on December 17, 2019, as to counts one, three, four, and five of the revised complaint, arguing that there were no issues of material fact as to the claims alleged in those counts. The court granted the motion for summary judgment on July 20, 2020.[6] Thereafter, the court, having previously granted Kratter's motion to strike count two, granted Kratter's motion for judgment as to count two and rendered judgment in his favor on that count. These appeals followed. Additional facts will be set forth as necessary.

## I

## AC 44297

In AC 44297, the plaintiff challenges the court's granting of Kratter's motion for summary judgment as to count one of the revised complaint due to the plaintiff's failure to disclose an expert witness to support her claim for legal malpractice, as well as the court's granting of the motion to strike count two of the revised complaint, which sounded in breach of contract. With regard to the motion for summary judgment, specifically, the plaintiff argues that the time within which to disclose an expert witness had, in fact, not expired, and as such, the court violated Practice Book § 13-4 (h) when it rendered summary judgment in favor of Kratter. With regard to the motion to strike count two of the revised complaint, the plaintiff argues that the complaint alleged a legally sufficient cause of action for breach of contract against Kratter. In response, Kratter contends that the judgment rendered was proper, as the plaintiff failed to introduce an expert witness to support her legal malpractice claim, and count two was properly stricken, as it set forth a claim for a breach of the professional standard of care rather than a breach of contract. We agree with Kratter.

## A

We first review the plaintiff's claim that the court erred in granting the motion for summary judgment in favor of Kratter as to count one of the revised complaint.[7] We begin by setting forth the applicable standard of review and relevant legal principles.

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the

burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . Once the moving party has met its burden [of production] . . . the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . [I]t [is] incumbent [on] the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. . . . The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *Rousseau* v. *Weinstein*, 204 Conn. App. 833, 839–40, 254 A.3d 984 (2021).

"Generally, a plaintiff alleging legal malpractice must prove all of the following elements: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. . . . To prevail, a plaintiff generally is obligated to furnish expert testimony to establish both (1) the standard of care against which the attorney's conduct should be evaluated and (2) the element of causation. . . . Our decisional law is replete with cases in which motions for summary judgment have been granted on legal malpractice claims when the defendant failed to offer such testimony." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Costello & McCormack*, *P.C.* v. *Manero*, 194 Conn. App. 417, 431, 221 A.3d 471 (2019).

In *Manero*, this court concluded that the trial court properly granted a motion for summary judgment when the cross claim plaintiff failed to disclose an expert witness. Id., 432. "Absent such testimony, the finder of fact could not properly evaluate" the cross claim plaintiff's claims. Id. "Because [the cross claim plaintiff] could not establish a prima facie case of legal malpractice without the introduction of expert testimony . . . [this court] conclude[d] that the trial court properly rendered judgment in favor of . . . [the cross claim] defendants." Id.

In the present case, it is undisputed that the plaintiff did not disclose an expert in support of her legal malpractice claim, and the plaintiff does not dispute that an expert witness is required in order for her to prove her legal malpractice claim. Nevertheless, the plaintiff claims that the court acted prematurely in granting summary judgment due to such nondisclosure because there was no scheduling order established by the court that set the time within which an expert witness had to be disclosed. She claims that she "did not violate a

court order and the trial court acknowledged this" and that she "was still permitted to disclose an expert and no time limitation was in effect limiting disclosure." Although the plaintiff claims that there was no scheduling order in place, our review of the record reveals that there was, in fact, a scheduling order in place that set a date—April 15, 2019—by which the plaintiff was required to disclose an expert witness.[8] The order that was filed and appears in the electronic docket states that "[t]he scheduling order filed and accepted in FST-CV-17-6031889-S [the first underlying action] is hereby adopted as the scheduling order for this case (the parties having agreed to such adoption in a telephonic status conference on January 30, 2019."

The scheduling order set a clear deadline by which the plaintiff had to disclose an expert witness, which the plaintiff did not meet. Despite the scheduling order, however, the plaintiff argues that she was not required to disclose an expert witness until reasonably close to trial. The plaintiff relies on *Girard* v. *Weiss*, 43 Conn. App. 397, 682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996), to support her claim. In *Girard*, the plaintiff claimed that the trial court improperly precluded him from offering expert testimony because the summary judgment rendered in favor of the defendant was predicated on the trial court's improper order precluding the plaintiff from offering expert testimony at trial. Id., 408. At the time that *Girard* was decided, the applicable rule of practice was § 220 (D), which set the time to disclose expert witnesses as sixty days before trial. See Practice Book (1978-97) § 220 (D). The current applicable rule of practice is § 13-4 (g), which provides in relevant part: "Unless otherwise ordered by the judicial authority, or otherwise agreed by the parties, the following schedule shall govern the expert discovery required under subsections (b), (c), (d) and (e) of this section. (1) Within 120 days after the return date of any civil action, or at such other time as the parties may agree or as the court may order, the parties shall submit to the court for its approval a proposed Schedule for Expert Discovery, which, upon approval by the court, shall govern the timing of expert discovery in the case. . . . If the parties are unable to agree on discovery deadlines, they shall so indicate on the proposed Schedule for Expert Discovery, in which event the court shall convene a scheduling conference to set those deadlines. . . ." Practice Book § 13-4 (g).

In the present case, the plaintiff argues that the court effectively precluded her from disclosing an expert in violation of Practice Book § 13-4 (h),[9] which applies to orders precluding the testimony of an expert witness. Section 13-4 (h) of the Practice Book, however, clearly does not apply to the present case, as the court never sanctioned the plaintiff or issued an order that precluded the testimony of an expert witness. The plaintiff, nevertheless, attempts to draw an analogy between the

court's granting of Kratter's motion for summary judgment as to count one and a hypothetical sanction order precluding expert witnesses, by arguing that the court's granting of the motion for summary judgment in favor of Kratter, in effect, acted as an order precluding the plaintiff from disclosing an expert witness. This analogy fails because the granting of a motion for summary judgment is not equivalent to ordering sanctions against a party simply because a summary judgment order is a final judgment that ends the case before a party disclosed an expert witness. Although the court in *Girard* prematurely cut short the plaintiff's time to disclose an expert witness, the court in the present case did not cut short the plaintiff's time to disclose an expert witness, as the April 15, 2019 deadline already had passed. Furthermore, even after the deadline passed, the court never indicated that it would not consider the opinion of an expert submitted by the plaintiff in opposition to the defendant's motion for summary judgment. The fact is that the plaintiff just never submitted to the court such an opinion.

Here, the deadline for disclosure of an expert witness was April 15, 2019. The defendant's motion for summary judgment was filed on December 17, 2019, more than seven months after the deadline had passed. The plaintiff filed an opposition to the motion for summary judgment on February 3, 2020, as well as a motion for permission for a late disclosure of an expert witness. The motion did not identify any expert or any substance of opinions to be provided, and, although it was filed, it was not pursued by the plaintiff. The plaintiff was clearly on notice that her disclosure of an expert witness was overdue. The court did not grant the defendant's motion for summary judgment until July 20, 2020, more than one year after the disclosure deadline and more than five months after the plaintiff filed her motion for late disclosure of an expert. Still, the plaintiff never disclosed an expert opinion before the court rendered judgment. Thus, the judgment in this case was not the result of the court's preclusion of the plaintiff's expert's opinion but, rather, it was the result of the plaintiff's failure to produce an expert notwithstanding her acknowledgment that her claim requires one. The law is clear that, in the absence of an expert, she cannot prevail. See *Costello & McCormack, P.C.* v. *Manero*, supra, 194 Conn. App. 431.

As discussed previously in this opinion, a plaintiff alleging a claim of legal malpractice is generally required to offer expert testimony in order to prove both the standard of care and causation. See id. Following adequate time for discovery, "a plaintiff may properly be called upon at the summary judgment stage to demonstrate that he possesses sufficient counterevidence to raise a genuine issue of material fact as to any, or even all, of the essential elements of his cause of action." *Stuart* v. *Freiberg*, 316 Conn. 809, 823, 116

A.3d 1195 (2015). "The exception to the need for expert testimony is limited to situations in which the defendant attorney essentially has done nothing whatsoever to represent his or her client's interests, resulting in such an obvious and gross want of care and skill that the neglect would be clear even to a layperson." (Internal quotation marks omitted.) *Byrne* v. *Grasso*, 118 Conn. App. 444, 449, 985 A.2d 1064 (2009), cert. denied, 294 Conn. 934, 987 A.2d 1028 (2010).

In *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 296, 898 A.2d 193 (2006), the plaintiff did not offer any expert testimony to support her claim for legal malpractice. This court concluded that the trial court "properly determined that the testimony of an expert witness on the legal standard of care and causation was needed . . . . Accordingly, the court properly granted the defendant's motion for summary judgment." Id., 300. As in *Dixon*, it is clear that the plaintiff in the present case was required to proffer testimony of an expert witness to establish her claim for legal malpractice. The plaintiff had ample time to do so and was on notice that an expert disclosure was required. Although she states in her principal brief that she is "prepared" to offer expert testimony, she has never identified any such expert or any proposed opinion.

After the moving party has established the absence of a genuine issue of material fact, the burden shifts to the opposing party to demonstrate the existence of "sufficient counterevidence to raise a genuine issue of material fact as to any, or even all, of the essential elements of his [or her] cause of action." *Stuart* v. *Freiberg*, supra, 316 Conn. 823. In the present case, the plaintiff does not dispute that expert testimony was required, but she simply failed to disclose any despite the fact that it was pivotal to the court's determination on the motion.[10] Therefore, we conclude that the trial court properly granted Kratter's motion for summary judgment as to the legal malpractice claim against him.

B

We next consider the plaintiff's claim that the court erred in granting Kratter's motion to strike count two of the operative complaint. We begin by setting forth the standard of review and applicable legal principles. "[A]ppellate review of a trial court's decision to grant a motion to strike is plenary. . . . This is because a motion to strike challenges the legal sufficiency of a pleading . . . and, consequently, requires no factual findings by the trial court . . . ." (Internal quotation marks omitted.) *HSBC Bank USA*, *National Assn.* v. *Nathan*, 195 Conn. App. 179, 193, 224 A.3d 1173 (2020). "When a defendant's liability to a plaintiff is premised . . . on principles of tort law . . . the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint . . . and consequently a reviewing court

may pierce the pleading veil to ensure that such is not the case. . . . Thus, in doing so, we look beyond the language used in the complaint to determine the true basis of the claim." (Citations omitted; internal quotation marks omitted.) *Pelletier* v. *Galske*, 105 Conn. App. 77, 81, 936 A.2d 689 (2007), cert. denied, 285 Conn. 921, 943 A.2d 1100 (2008).

"Whether [a] plaintiff's cause of action is one for malpractice [or contract] depends upon the definition of [those terms] and the allegations of the complaint. . . . Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . . The elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages." (Citations omitted; internal quotation marks omitted.) *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 291, 87 A.3d 534 (2014).

The plaintiff argues that count two alleges a legally sufficient breach of contract claim. Kratter responds that the second count, instead, alleges a breach of the professional standard of care. In the present case, paragraphs 21 through 24 of the revised complaint assert the following allegations: "The legal relationship and agreement between the plaintiff and [Kratter] constituted a contract. . . . Part of that contract was to achieve a specific result, namely, pursuing the fraudulent loans so that the plaintiff would not be liable under them. . . . The plaintiff paid for [Kratter's] legal representation and agreed to provide any information or documentation necessary . . . . [Kratter's] failure to pursue the fraudulent loans in any meaningful fashion constituted a breach of the contract in existence between the plaintiff and [Kratter]." The court, in striking count two, concluded that the plaintiff's claim that Kratter failed to pursue the fraudulent loans "is a qualitative assessment implicating negligence/legal malpractice—adequacy of performance—rather than a breach of contract predicated on a failure to obtain a specific result (and pursuing a course of action more accurately seems to be characterized as a process, not a promised result), or a failure to perform a contractual obligation at all." We agree.

In *Pelletier* v. *Galske*, supra, 105 Conn. App. 82, this court agreed with the trial court's conclusion that the plaintiff's complaint in that case sounded in tort only and did not state a legally sufficient claim for breach of contract. This court explained that, "[w]here the plaintiff alleges that the defendant negligently performed legal services . . . the complaint sounds in

negligence, even though he also alleges that he retained him or engaged his services." (Internal quotation marks omitted.) Id., 83. Likewise, in the present case, the second count of the plaintiff's revised complaint alleges a claim for legal malpractice rather than for breach of contract. The plaintiff's claim, which is based on the allegation that Kratter did not pursue the alleged fraudulent loans in any "meaningful fashion," is not a claim that Kratter breached the retainer agreement between the parties; rather, it is for "the failure of one rendering professional services . . . ." (Internal quotation marks omitted.) *Pelletier* v. *Galske*, supra, 81. Accordingly, we conclude that the court properly granted Kratter's motion to strike count two of the revised complaint.

## II

### AC 44388

In AC 44388, the plaintiff challenges the court's rendering of summary judgment in favor of the law firms with respect to the plaintiff's claims for legal malpractice in count one and transferee liability in count thirteen of the third revised complaint. On appeal, the plaintiff claims that the court erred because (1) she still had time to disclose an expert witness to support her claim for legal malpractice at the time the motion for summary judgment was granted and (2) because the court's judgment as to count one was erroneous, the judgment as to count thirteen, sounding in transferee liability, also has to be reversed. The law firms contend that (1) the motion for summary judgment properly was granted as to count one because the plaintiff did not offer expert testimony in support of her claim for legal malpractice and (2) the court properly granted their motion for summary judgment as to count thirteen.[11] We agree with the law firms.

### A

With respect to AC 44388, the plaintiff first claims that the court erred in rendering summary judgment in favor of the law firms with respect to the plaintiff's claims for legal malpractice in count one because she still had time to disclose an expert witness to support her claim for legal malpractice at the time the motion for summary judgment was granted. We disagree.

We previously set forth in this opinion the standard of review applicable when reviewing a trial court's decision to grant a motion for summary judgment. "Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted). *Rousseau* v. *Weinstein*, supra, 204 Conn. App. 840.

The plaintiff's claim relating to count one in this appeal is identical to the one she raised in her appeal in AC 44297, namely, that the court erred in granting

the law firms' motion for summary judgment because she still had time to disclose an expert witness. We thoroughly addressed this issue in part I A of this opinion relating to Kratter's motion for summary judgment. For the reasons set forth therein, we conclude that the court properly granted the law firms' motion for summary judgment as to the plaintiff's legal malpractice claim in count one against the law firms.

B

Finally, the plaintiff challenges the court's granting of the law firms' motion for summary judgment as to count thirteen of the third revised complaint, which sounded in transferee liability. The law firms contend that the court properly granted their motion for summary judgment as to count thirteen. We agree.

The following additional facts are pertinent to this claim. On August 12, 2020, the law firms moved for summary judgment as to the remaining thirteenth count, on the grounds that transferee liability is not a viable claim, or in the alternative, is moot, in light of the court's determination of no liability on the part of the predecessor law firm, Kratter & Gustafson, LLC. The court granted their motion for summary judgment on November 2, 2020.

Count thirteen seeks to impose liability on the Law Offices of Mark M. Kratter, LLC, for the alleged liability of the predecessor law firm, Kratter & Gustafson, LLC. Because the court found no liability on the part of Kratter & Gustafson, LLC, there is no possible successor liability that could attach to the Law Offices of Mark M. Kratter, LLC. "[T]he liability of a successor . . . is derivative in nature and the successor may be held liable for the conduct of its predecessor only to the same extent as the predecessor. . . . [S]uccessor liability does not create a new cause of action against the purchaser so much as it transfers the liability of the predecessor to the purchaser." (Emphasis omitted; internal quotation marks omitted.) *Robbins* v. *Physicians for Women's Health, LLC*, 311 Conn. 707, 715–16, 90 A.3d 925 (2014). Accordingly, we conclude that the court properly rendered summary judgment as to count thirteen.

The judgments are affirmed.

In this opinion the other judges concurred.

[1] In this opinion, we refer to the defendant law firms individually by name where necessary and collectively as the law firms.

[2] The two appeals, although not consolidated, were heard together at oral argument before this court, pursuant to an order from this court.

[3] Kratter, at all times relevant to this appeal, was an attorney employed by and acting through the law firms.

[4] The plaintiff initially engaged the law firm of Kratter & Gustafson, LLC, to represent her in the underlying divorce action. Sometime after the plaintiff retained Kratter & Gustafson, LLC, that firm dissolved and became the Law Offices of Mark M. Kratter, LLC.

[5] The complaint also alleges seven counts against Sibboni and four counts against Schwartz. None of the plaintiff's claims on appeal concerns Sibboni

or Schwartz.

[6] Although both memoranda of decision are dated July 20, 2020, the court addressed each of the underlying cases in a separate memorandum of decision.

[7] The plaintiff has not challenged the summary judgment rendered in favor of Kratter as to counts three, four and five of the revised complaint.

[8] The court in its July 20, 2020 memorandum of decision found that there was no scheduling order for this matter. The plaintiff relies on that finding to support her repeated assertions that no deadline existed to disclose an expert witness. Our thorough review of the record demonstrates that the court, by order dated January 30, 2019, and with agreement from both parties, adopted the scheduling order of the companion case for the present case. Notwithstanding that misstatement, the record clearly and undisputedly shows that there *was* such a scheduling order in place that set a deadline of April 15, 2019, by which the plaintiff had failed to abide.

[9] Practice Book § 13-4 (h) provides: "A judicial authority may, after a hearing, impose sanctions on a party for failure to comply with the requirements of this section. An order precluding the testimony of an expert witness may be entered only upon a finding that: (1) the sanction of preclusion, including any consequence thereof on the sanctioned party's ability to prosecute or to defend the case, is proportional to the noncompliance at issue, and (2) the noncompliance at issue cannot adequately be addressed by a less severe sanction or combination of sanctions."

[10] As noted previously in this opinion, the plaintiff's counsel filed a motion for permission to permit disclosure of an expert witness but failed to disclose an expert, did not specify a time frame for disclosure, and failed to seek adjudication of the motion.

[11] Because we conclude that the plaintiff failed to disclose an expert witness, which is fatal to her claim, and that, consequently, the court properly granted judgment in favor of the defendants on count thirteen, we need not address the plaintiff's claim that the law firms failed to satisfy their burden on the motion for summary judgment.

―――――――――――――――