## BARBARA BEECHER *v.* SARAH J. GREAVES
### (AC 22404)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Kenneth W. Williams* filed a brief for the appellant (plaintiff).

*Michael S. Lynch* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. In these two professional negligence actions, the plaintiff, Barbara Beecher, appeals from the judgments of the trial court, rendered after the court instructed the jury to return verdicts in favor of the defendant, Sarah J. Greaves. On appeal, the plaintiff claims that in each case, the court improperly (1) excluded the testimony of her expert witness and (2) directed a verdict for the defendant. We affirm the judgments of the trial court.

The record discloses that in 1996, the plaintiff's property was sold at auction following one of two foreclosure actions. In 1997 and 1998, the plaintiff commenced these professional negligence actions, alleging that the defendant attorney negligently had represented the plaintiff in connection with the two foreclosure actions. The professional negligence actions were tried together in September, 2001. After the presentation of the evi-

dence, the defendant requested a directed verdict in each case, which the court granted. This appeal followed.

The plaintiff first claims that the court abused its discretion by precluding her expert witness, Edward F. Heberger, a real estate appraiser, from testifying that on or about April 15, 1994, his now defunct real estate appraising firm had appraised her property for $590,000, a value substantially greater than the $394,000 that the property was sold for at the foreclosure sale, which was conducted two years later.

"It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling." (Internal quotation marks omitted.) *Opotzner* v. *Bass*, 63 Conn. App. 555, 568, 777 A.2d 718, cert. denied, 257 Conn. 910, 782 A.2d 134 (2001), cert. denied, 259 Conn. 930, 793 A.2d 1086 (2002).

Practice Book § 13-4 (4) provides in relevant part that "any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed

after a reasonable time prior to trial, such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

The plaintiff here could have provided notice that she intended to offer Heberger's testimony at trial much earlier than she did. The actions were filed in 1997 and 1998. In August, 2000, both actions were called for trial. At that time, the plaintiff filed a motion for an extension of discovery and postponement of the trial. The court granted that motion, allowing the plaintiff until October 1, 2000, to make proper disclosure of expert witnesses. On September 19, 2000, the plaintiff disclosed that the only expert she intended to call at trial was attorney Richard P. Weinstein, who was expected to testify as to liability issues only. It was not until on or about August, 21, 2001, weeks before the trial was scheduled to commence, that the defendant's counsel learned that the plaintiff intended to call Heberger as an expert. The defendant filed a motion to preclude Heberger's testimony on the grounds that the late disclosure would cause the defendant undue prejudice and unduly would interfere with the orderly progress of the trial. On the basis of the record, we cannot conclude that the court abused its discretion in precluding Heberger's testimony.

The plaintiff next claims that the court improperly directed a verdict in favor of the defendant in both of her negligence actions. "Our standard of review of a directed verdict is well settled. A trial court should direct a verdict for a defendant if, viewing the evidence in the light most favorable to the plaintiff, a jury could not reasonably and legally reach any other conclusion than that the defendant is entitled to prevail." (Internal

quotation marks omitted.) *Colombo* v. *Stop & Shop Supermarket Co.*, 67 Conn. App. 62, 64, 787 A.2d 5 (2001), cert. denied, 259 Conn. 912, 789 A.2d 993 (2002).

"In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. 4 R. Mallen & J. Smith, Legal Malpractice (4th Ed. 1996) § 32.9, pp. 172–74. *Mayer* v. *Biafore, Florek & O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998)." (Internal quotation marks omitted.) *Vona* v. *Lerner*, 72 Conn. App. 179, 187–88, 804 A.2d 1018 (2002).

In the present case, the plaintiff's expert, Weinstein, failed to provide any testimony on the issue of causation, which was fatal to her negligence claims. Accordingly, we conclude that the court was correct in directing the jury to return verdicts in favor of the defendant in both of the plaintiff's actions because she failed to present the proof required by law to prevail on her claims.

The judgments are affirmed.