SANDRA A. DIXON *v.* BROMSON AND REINER
(AC 26338)

DiPentima, Gruendel and Peters, Js.

Argued February 22—officially released May 9, 2006

*Robert A. Serafinowicz*, with whom was *John R. Williams*, for the appellant (plaintiff).

*Ralph W. Johnson III*, with whom, on the brief, was *Thomas J. Hagarty, Jr.*, for the appellee (defendant).

*Opinion*

GRUENDEL, J. In this legal malpractice action, the plaintiff, Sandra A. Dixon, appeals from the summary judgment rendered by the trial court in favor of the defendant law firm, Bromson & Reiner. On appeal, the plaintiff claims that the court improperly concluded that expert testimony was necessary to show (1) the standard of proper professional care and (2) that the defendant's alleged breach of its duty of care proximately caused the plaintiff's alleged loss or damages. We conclude that, in the absence of such testimony, the court properly rendered summary judgment in favor of the defendant.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On November 1, 1994, the plaintiff retained the defendant to represent her in a lawsuit seeking the partition of real property in which she owned an interest. In that case, the plaintiff opposed partition by sale and sought to have the court order a partition in kind because she and her three children wanted to retain their one-half interest in the property.

On September 17, 1999, the court, *Peck, J.*, found against the plaintiff and ordered a partition by sale, noting that a partition in kind was impracticable given the property's physical attributes.[1] The court also noted

---

[1] The court stated in its decision: "[A]lthough there is 710 feet of frontage along Spring Street, the entire rear portion of the parcel consists of slopes which are likely to prove to be undevelopable. Because there is agreement between the parties as to the value of the property as a single parcel and substantial uncertainty as to the value of the property if divided, there is no basis for the court to conclude that the property, given its physical attributes, could be fairly or equitably partitioned in kind. Rather, the court finds by a preponderance of the evidence that partition of this property in kind is impracticable and, more likely than not, to be inequitable and that the diverse interests of the owners will best be promoted by a partition by sale." *Africano* v. *Dixon*, Superior Court, judicial district of Hartford, Docket No. 560280 (September 17, 1999).

that the testimony of two experts revealed that no surveys or studies had been done in connection with the property and, therefore, it could not determine how much of the property was capable of development.[2] The decision was affirmed by this court in a per curiam opinion. See *Africano* v. *Dixon*, 60 Conn. App. 909, 761 A.2d 801 (2000).

The plaintiff then commenced an action for legal malpractice against the defendant on August 28, 2002, claiming that the defendant had failed to meet the appropriate standard of care. Specifically, the plaintiff claimed that the defendant had failed to obtain and provide appropriate surveys, studies and any other evidence to show that the property could be fairly and equitably partitioned in kind. At the close of discovery, the defendant filed a motion for summary judgment, contending that because the plaintiff did not plan to call an expert to testify as to the legal standard of care and causation, no verdict favorable to the plaintiff was possible. The plaintiff argued that the standard of care was obvious to any layperson from the court order in the underlying case. The court, *Miller, J.*, rendered summary judgment in favor of the defendant on February 18, 2005, noting that the plaintiff could not establish causation without the testimony of an expert witness. This appeal followed.

As a preliminary matter, we set forth the standard of review. "Our review of a trial court's decision to grant [a] motion for summary judgment is plenary. . . . Summary judgment shall be rendered forthwith if the

---

[2] The court stated: "The expert testimony revealed that there has been no survey, environmental, engineering, wetlands or other studies done in connection with this property, all of which may impact on its marketability either in whole or in part. Consequently, neither expert was able to say how much of the property was capable of development." *Africano* v. *Dixon*, Superior Court, judicial district of Hartford, Docket No. 560280 (September 17, 1999).

pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *Anderson* v. *Schoenhorn,* 89 Conn. App. 666, 670, 874 A.2d 798 (2005).

"Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . . Generally, to prevail in a case alleging legal malpractice, a plaintiff must present expert testimony to establish the standard of proper professional skill or care. . . . Furthermore, the plaintiff must prove (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." (Citations omitted; internal quotation marks omitted.) *Dubreuil* v. *Witt,* 80 Conn. App. 410, 420, 835 A.2d 477 (2003), aff'd, 271 Conn. 782, 860 A.2d 698 (2004).

"The rationale underlying [the requirement of expert testimony] is that in most cases, the determination of an attorney's standard of care, which depends on the particular circumstances of the attorney's representation, is beyond the experience of the average layperson,

including members of the jury and perhaps even the presiding judge. . . . The general rule does not, however, apply to cases where there is present such an obvious and gross want of care and skill that the neglect is clear even to a layperson." (Citation omitted; internal quotation marks omitted.) *St. Onge, Stewart, Johnson & Reens, LLC* v. *Media Group, Inc.*, 84 Conn. App. 88, 95, 851 A.2d 1242, cert. denied, 271 Conn. 918, 859 A.2d 570 (2004). Thus, unless the defendant's performance constituted such an obvious and gross want of care and skill as to fall within the exception to the expert witness requirement, the plaintiff was required to present expert testimony to establish the proper standard of professional skill and care and to assist the court in evaluating the defendant's performance in light of that standard.

In the present appeal, the plaintiff first argues that the exception to the expert witness requirement applies here because, on the basis of the decision of the court, *Peck, J.*, in the partition action, the defendant "obviously" violated its standard of care. In support of this claim, the plaintiff asserts that the court in the partition action "already had decided the question of the failure of the attorneys to present the evidence required to prevail."[3] We disagree.

Judge Peck *did not* state or indicate in any way that the defendant was responsible for producing certain evidence the court found lacking. In granting the defendant's motion for summary judgment, Judge Miller stated that "an observation by a trial judge . . . that evidence was not produced to support a contention does not mean that the failure to produce that evidence was the result of professional negligence by trial coun-

[3] In her brief, the plaintiff claims that the defendant "presented no survey at the partition trial and no evidence concerning any environmental, engineering or wetland studies," and therefore failed to meet its appropriate standard of care.

sel."[4] This was not a case in which the defendant's alleged want of care was so gross and obvious that its failure to comply with the standard of care was clear, especially to a layperson.

Citing *Dubreuil* v. *Witt*, supra, 80 Conn. App. 410, the plaintiff also contends that expert testimony was not required because the case was tried before a court, not a jury. In *Dubreuil*, this court concluded that an expert was not necessary when the alleged legal malpractice involved a failure to follow rules of procedure, such as filing motions and attending hearings, of which a judge of the Superior Court is well aware. Id. We nonetheless noted that "[o]ur holding is limited to the circumstances of this case. We do not hold or imply that a judge of the Superior Court is an expert in every area of the law and that expert testimony does not have to be presented in cases involving other types of legal malpractice tried to the court." Id., 422 n.7. Because the plaintiff's claim of malpractice here did not simply involve rules of practice and procedure, we find her claim meritless. The court, therefore, properly determined that expert testimony was required to determine whether the defendant's performance complied with the requisite standard of care.

The plaintiff next claims that an expert witness was not needed to show that the defendant's alleged breach of care proximately caused the plaintiff's alleged loss or damages. In support of this theory, the plaintiff argues that fact witnesses, as opposed to expert witnesses, may be presented to prove the availability of the omitted evidence and that their advance disclosure is not required. The plaintiff fails to consider, however, that in a legal malpractice case such as this, an expert

---

[4] Judge Miller further emphasized this point, stating that "[t]here is nothing in Judge Peck's opinion, which suggests, let alone specifically states, that she found any lack of care on the part of [the defendant's] counsel."

witness is necessary to opine whether the defendant's alleged breach of care proximately caused the plaintiff's alleged loss or damages. See *Beecher* v. *Greaves*, 73 Conn. App. 561, 808 A.2d 1143 (2002) (plaintiff must produce expert opinion testimony that breach of professional standard of care occurred and that breach was proximate cause of plaintiff's injuries).

Further, Judge Miller recognized that the "plaintiff cannot prevail in the trial of this matter without expert testimony on the issue of causation unless she can establish that the kind or kinds of evidence in question actually existed, but were not put into evidence by the defendant." Because of the plaintiff's decision not to call any expert witnesses, the court determined that the "[plaintiff's] case on causation cannot achieve even the status of 'pure conjecture.' " Id. The court therefore properly determined that the testimony of an expert witness on the legal standard of care and causation was needed in the present case. Accordingly, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.