## TRAYSTMAN, CORIC AND KERAMIDAS *v.* MARTHA HUNDLEY
### (AC 27415)

Schaller, DiPentima and West, Js.

---

Argued March 15—officially released July 17, 2007

*William F. Gallagher*, with whom were *Martin M. Rutchik*, and, on the brief, *Hugh D. Hughes*, for the appellant (defendant).

*Drzislav Coric*, with whom was *Lloyd L. Langhammer*, for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, Martha Hundley, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the plaintiff, the law firm of Traystman, Coric & Keramidas. On appeal, the defendant claims that the court improperly instructed the jury on legal malpractice. We affirm the judgment of the trial court.

The defendant hired the plaintiff in connection with her dissolution of marriage action against her husband, Bert Coppotelli, a physician. The plaintiff assigned one of its attorneys, Scott M. McGowan, to the defendant's

case. In the course of the dissolution action, Coppotelli submitted a financial affidavit but failed to include a valuation of his medical practice and its accompanying real estate. McGowan then advised the defendant to obtain her own valuation of Coppotelli's practice and its real estate. The defendant declined to follow McGowan's advice, and she signed a statement indicating that she wanted McGowan to proceed with the dissolution trial without obtaining the valuation. Following the dissolution trial, the defendant was not awarded any portion of the value of Coppotelli's medical practice and its real estate.

The defendant owed the plaintiff $2825.09 for legal services provided subsequent to the dissolution trial, but she failed to pay her bill. The plaintiff then commenced this action in the small claims session of the Superior Court, seeking payment from the defendant. The defendant transferred the case to the regular docket and filed a counterclaim for legal malpractice. The plaintiff then filed a claim for a jury trial on the complaint and counterclaim. After a trial, the jury awarded the plaintiff $3345.20 in damages and found in favor of the plaintiff on the defendant's counterclaim. The defendant then filed this appeal.

The defendant claims that the court improperly instructed the jury on legal malpractice. "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient

for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Smith* v. *Greenwich*, 278 Conn. 428, 437, 899 A.2d 563 (2006).

The defendant first directs us to the court's instruction that "an attorney does not commit legal malpractice where, after impressing upon the client the importance of having an appraisal of her husband's professional good will and his real estate, the client instructs the attorney not to proceed with the appraisals and signs a letter stating that she is proceeding without the appraisals and against the attorney's advice." The defendant argues that that instruction was too restrictive because it focused on McGowan's actions rather than on whether the defendant reasonably could have agreed to proceed with the dissolution trial without obtaining a valuation of Coppotelli's practice and its real estate. We disagree with the defendant's argument because the issue at trial was whether McGowan properly advised the defendant, not whether the defendant made a reasonable decision to proceed with the dissolution trial. The court's instruction was correct in law, adapted to the issue and sufficient to guide the jury.

The defendant next directs us to the court's instruction that "[t]he standard or level of professional care to which a lawyer must be held in this case is the exercise of the same degree of care, skill and diligence which other attorneys practicing matrimonial law in Connecticut and aware of local customs must exercise under similar circumstances." The defendant argues that the court improperly included the element of awareness of local customs in the standard of care and failed to define that term. The parties agree that the jury would have understood that term to refer to the courtroom practices of judges in the judicial district of New London. Because the defendant presented expert testimony by an attorney from the judicial district of

Hartford, and the plaintiff presented expert testimony by attorneys from the judicial district of New London, the defendant argues that the court's inclusion of local customs in the standard of care caused the jury to reject the testimony of her expert and find in favor of the plaintiff.

"An important preliminary issue in determining the standard of care is whether a general standard of practice should be applied, or a local one. The former usually means a jurisdictionwide or statewide standard, whereas the latter refers to a legal community of more limited scope. The 'locality rule' originated in the context of medical malpractice, but, as noted in Restatement of the Law Governing Lawyers § 52, [comment (b)], that rule was not often applied with respect to legal malpractice in any event, and has largely gone out of favor with respect to most professional malpractice claims." 1 G. Hazard & W. Hodes, The Law of Lawyering (3d Ed. 2004 Sup.) § 4.5, pp. 4-12 to 4-13. "The professional community whose practices and standards are relevant in applying [a lawyer's] duty of competence is ordinarily that of lawyers undertaking similar matters in the relevant jurisdiction . . . ." 1 Restatement (Third), The Law Governing Lawyers § 52, comment (b) (2000).

The Vermont Supreme Court has provided a helpful explanation of the manner in which local factors properly can be considered in legal malpractice actions. "[K]nowledge of local practices, rules, or customs may be determinative of, and essential to, [an attorney's] exercise of adequate care and skill. . . . To argue this fact in support of continued application of the locality rule, however, is to confuse the *degree* of skill and knowledge and the relevance of local factors which constitute the *knowledge* required by the standard of care. . . . Although attorneys throughout this state may be required to familiarize themselves with local

practices, rules or customs peculiar to their area, the crucial inquiry for malpractice purposes turns not on the substance of the underlying practice, rule, or custom but on whether a reasonable and prudent attorney can be expected to know of its existence and practical applications." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Russo* v. *Griffin*, 147 Vt. 20, 24, 510 A.2d 436 (1986).

In the present case, the defendant is correct that the court's reference to local customs was improper in defining the standard of professional care required of attorneys because the same standard of care applies throughout this state. The court should have limited the standard of care to the ordinary degree of skill and knowledge possessed by attorneys practicing matrimonial law in Connecticut. Whether an attorney exercising that ordinary degree of skill and knowledge would have made an effort to learn about local factors, namely, the courtroom practices of judges in the judicial district of New London, should have been an issue for the jury to decide on the basis of the expert testimony that was presented. "Generally, to prevail in a case alleging legal malpractice, a plaintiff must present expert testimony to establish the standard of proper professional skill or care." (Internal quotation marks omitted.) *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 297, 898 A.2d 193 (2006).

Despite the court's improper reference to local customs in defining the standard of care, we disagree with the defendant's claim that injustice resulted from that improper reference. None of the expert attorneys from the judicial district of New London testified that the standard of professional care in that judicial district was different from the standard in the other judicial districts of this state. Those experts testified as to the courtroom practices of certain judges but did not testify

that knowledge of those judges' practices would diminish the required standard of professional care. Therefore, the court's instruction regarding awareness of local customs actually increased the amount of knowledge that McGowan was required to possess in order to prevail on the defendant's counterclaim. The court instructed the jury that McGowan was required to have knowledge of local customs in order to prevail. The court's instruction thus could have been detrimental to the plaintiff but not to the defendant. The jury determined that McGowan had exercised the same degree of care as other attorneys practicing matrimonial law in this state *and* that he was aware of local customs. If the jury had determined that McGowan had exercised the same degree of care as other attorneys practicing matrimonial law in Connecticut but was not aware of local customs, the jury would have concluded that he had committed legal malpractice.

The jury's finding in favor of the plaintiff does not compel the conclusion that the defendant urges us to reach, namely, that the jury rejected the testimony of the defendant's expert only because the plaintiff's experts testified as to local customs. The defendant's attempt to divine how the jury reached its verdict does not establish that she suffered injustice as a result of the court's improper instruction. "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded to their testimony. . . . The trier is free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Simes* v. *Simes*, 95 Conn. App. 39, 47, 895 A.2d 852 (2006). Moreover, the testimony regarding local customs had no relationship to the core issue in the defendant's counterclaim, which was whether McGowan properly advised the defendant to obtain a

valuation of Coppotelli's practice and its real estate before proceeding with the dissolution trial. We therefore conclude that it is not reasonably probable that the defendant suffered injustice as a result of the court's improper instruction regarding local customs.

The judgment is affirmed.

In this opinion the other judges concurred.