******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JING HONG SONG *v.* KEVIN F. COLLINS
(AC 35861)

Beach, Bear and Schaller, Js.*

*Argued April 8—officially released August 19, 2014*

(Appeal from Superior Court, judicial district of
Stamford-Norwalk, Genuario, J.)

*John R. Williams*, for the appellant (plaintiff).

*Jane S. Bietz*, for the appellee (defendant).

*Opinion*

SCHALLER, J. In this legal malpractice action, the plaintiff, Jing Hong Song, appeals from the judgment of the trial court denying her motion to set aside the verdict in favor of the defendant, Attorney Kevin F. Collins. On appeal, the plaintiff claims that the court improperly denied her motion to set aside the verdict. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history inform our review. The defendant represented the plaintiff in a contested matter with her former husband involving the custody and visitation of their minor children. During that action, the plaintiff executed an agreement with her former husband concerning the custody and visitation of their minor children. Following the defendant's representation in that matter, the plaintiff filed this action sounding in two counts of legal malpractice, one count of breach of contract, and one count of unfair trade practices. In count three of her complaint, which concerned one of the two legal malpractice counts, the plaintiff alleged that the defendant, in advising her that the agreement concerning the custody and visitation of their children was temporary and easily modifiable, "failed to act within the standard of care applicable to family lawyers in Connecticut and thereby proximately caused the plaintiff to expend large sums of money in an effort to correct his errors and because she was unaware of his errors, to suffer loss of the care, custody and companionship of her children, and emotional distress which continues to the present."

The case was tried to a jury. Following the trial, the jury returned a verdict in favor of the defendant. By way of interrogatories with respect to count three, the jury answered "no" to the interrogatory asking: "Did the plaintiff prove, by a fair preponderance of the evidence, the standard of care applicable to the defendant?" The plaintiff subsequently moved to set aside the verdict with respect to count three on the ground that the jury's answer to the interrogatory was against the evidence, as "both the plaintiff's expert witness and the defendant's expert witness testified unequivocally" as to the applicable standard of care.

The trial court denied the motion, concluding that neither the jury's verdict nor its determination in response to the court's interrogatories was "so clearly against the weight of the evidence as to indicate that the jury did not correctly apply the law to the facts of the case." In its decision, the court reasoned that "the issue is not whether . . . there was evidence that might have supported a plaintiff's verdict. The issue is whether . . . the jury [reasonably] could have . . . reached the conclusion that it did. The fundamental problem with the plaintiff's claim is that the jury was

free to disbelieve, in whole or in part, the testimony of either or both of the expert witnesses who testified at trial. Moreover, the jury may well have been unsatisfied with either the clarity or the completeness of the evidence regarding the standard of care applicable to the allegations of legal malpractice in the third count. It was the plaintiff's burden not just to elicit some evidence regarding the standard of care but to sustain its burden of proving by a preponderance of the evidence the standard of care applicable to the defendant with regard to the allegations in the third count of the complaint." On the basis of the foregoing, the court denied the plaintiff's motion to set aside the verdict with respect to count three and rendered judgment for the defendant. This appeal followed.

We begin our analysis by setting forth the applicable standard of review. "The proper appellate standard of review when considering the action of a trial court in granting or denying a motion to set aside a verdict is the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Label Systems Corp.* v. *Aghamohammadi*, 270 Conn. 291, 303, 852 A.2d 703 (2004).

The legal standard governing the setting aside of a verdict is well settled. "[T]he role of the trial court on a motion to set aside the jury's verdict is not to sit as [an added] juror . . . but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did. . . . The trial court's decision is significant because the trial judge has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to [the] evidence." (Citation omitted; internal quotation marks omitted.) *Hall* v. *Bergman*, 296 Conn. 169, 179, 994 A.2d 666 (2010).

In the present case, the plaintiff claims that the court abused its discretion in denying her motion to set aside the verdict with respect to count three because the jury's determination that the plaintiff failed to establish the standard of care applicable to the defendant was against the evidence. Specifically, the plaintiff contends that both her expert witness and the defendant's expert witness agreed and testified to the applicable standard of care with respect to count three. Because the applicable standard of care was undisputed and in evidence, the plaintiff submits that the jury could not have reasonably determined that she failed to establish it. We are not persuaded.

"As a general rule, for the plaintiff to prevail in a

legal malpractice case in Connecticut, he [or she] must present expert testimony to establish the standard of proper professional skill or care. . . . The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury . . . to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." (Internal quotation marks omitted.) *Grimm* v. *Fox*, 303 Conn. 322, 329–30, 33 A.3d 205 (2012).

The standard of care applicable to the defendant with respect to count three in the present case was the "degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession . . . ." (Internal quotation marks omitted.) *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 297, 898 A.2d 193 (2006). In support of her contention that she established this standard of care, the plaintiff directs our attention to the testimony of both her expert witness and the defendant's expert witness during trial.

During the plaintiff's case-in-chief, she called Attorney Verna Lilburn as an expert witness. On direct examination, the plaintiff's counsel asked Lilburn: "[D]o you have an opinion whether . . . [the defendant] fell below the standard of care of an attorney practicing matrimonial law . . . [with respect to the allegations in count three?]" Lilburn answered: "Yes, I do believe it fell below the standard of care, in that, clients do need a very, very thorough explanation about the standards to modify a custody agreement, as opposed to a visitation agreement. It's very, very important that they understand that they must show a substantial change in circumstances, in order to modify a custody agreement . . . . She should have been—it should have been explained to her that, visitation is modifiable upon a showing of the best interests of the child. And that is an entirely different standard to meet."

During the defendant's case-in-chief, he called Attorney Gaetano Ferro as an expert witness. On direct examination, the defendant's counsel asked Ferro: "[D]id [the defendant] breach the standard of care by recommending that [the plaintiff] sign the agreement in 2008?" Ferro answered: "No he did not . . . . Based upon all of the circumstances . . . it was reasonable to counsel her to enter into this agreement."

Although the foregoing reveals that both the plaintiff's expert witness and the defendant's expert witness testified as to whether the defendant *breached* the standard of care, the plaintiff did not elicit testimony from the expert witnesses that described, in general or specific terms, the standard of care applicable to the defendant with respect to count three.[1] In addition, notwithstanding the absence of testimony describing the standard of care itself, neither expert witness expressly testified as to what an average prudent attor-

ney would have done under the circumstances.[2] Thus, even if the plaintiff is correct in her contention that both expert witnesses agreed as to the applicable standard of care, their testimony did not set forth for the jury, either directly or by implication, any description of the standard of care itself.[3]

In viewing the evidence in the light most favorable to the prevailing party, in this case, the defendant, it was reasonable for the jury to determine that the plaintiff failed to establish the standard of care applicable to the defendant with respect to count three and, by extension, to return a verdict in favor of the defendant. Accordingly, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to set aside the verdict with respect to count three.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Tellingly, the plaintiff's brief to this court does not set forth the standard of care applicable to the defendant with respect to count three.

[2] Even assuming, arguendo, that Lilburn's testimony that "clients . . . need a very, very thorough explanation about the standards to modify a custody agreement" and that the modification standard "should have been explained to" the plaintiff may have suggested what an average prudent attorney would or should have done under the circumstances, Lilburn did not qualify her statement in a way that would have apprised the jury of such a suggestion. Nor did the plaintiff elicit any testimony establishing the baseline standard of care from which the jury could have measured the defendant's conduct. As a result, the jury could have interpreted Lilburn's testimony to reflect her personal beliefs as to what she would have done under the circumstances as opposed to what the average prudent attorney would have done under the circumstances.

[3] In addition, even if either expert witness did testify as to the applicable standard of care, the jury was free to disbelieve such testimony. "It is well settled that the trier of fact can disbelieve any or all of the evidence proffered . . . *including expert testimony*, and can construe such evidence in a manner different from the parties' assertions." (Emphasis added; internal quotation marks omitted.) *Hayes* v. *Decker*, 66 Conn. App. 293, 302, 784 A.2d 417 (2001), aff'd, 263 Conn. 677, 822 A.2d 228 (2003).