******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COSTELLO AND MCCORMACK, P.C. *v.*
CONSTANCE MANERO
(AC 41927)

Lavine, Elgo and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant for, inter alia, breach of contract in connection with its representation of the defendant in a dissolution of marriage proceeding. After the trial court granted the defendant's motion to implead three third-party defendants, F, W and M Co., F filed a cross complaint against the plaintiff, W and M. Co., alleging, inter alia, that they had committed legal malpractice in connection with the defendant's dissolution of marriage proceeding. The trial court thereafter granted motions to preclude expert testimony filed by the plaintiff and W and M Co., and subsequently granted their motions for summary judgment and rendered judgment thereon. Following the trial court's denial of his motion for reconsideration, F appealed to this court. *Held*:

1. The trial court properly concluded that F's cross complaint set forth a claim of legal malpractice against the plaintiff, W and M Co.; the operative complaint was F's answers, defenses and cross claim, not his amended motion to implead response, which was filed before F became a party to the action, and the only claim in the operative complaint, when construed liberally, sounded in legal malpractice.

2. The trial court properly rendered summary judgment in favor of the cross claim defendants on the legal malpractice claim; despite having ample opportunity to do so, F, the cross claim plaintiff, failed to properly disclose expert witnesses in accordance with the requirements of our rules of practice, and in the absence of such testimony, F could not establish a prima facie case of legal malpractice because he could not prove either a breach of the applicable standard of care or the element of causation.

Argued September 10—officially released November 19, 2019

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Fairfield and transferred to the judicial district of Stamford-Norwalk; thereafter, the court, *Hon. A. William Mottolese*, judge trial referee, granted the defendant's motion to implead Arik B. Fetscher et al. as third-party defendants; subsequently, Arik B. Fetscher filed a cross claim against the plaintiff et al.; thereafter, the court granted the motions to preclude expert testimony filed by plaintiff et al.; subsequently, the court, *Genuario, J.*, granted the motions for summary judgment filed by the plaintiff et al., denied the motion to reargue filed by Arik B. Fetscher and rendered judgment thereon, from which Arik B. Fetscher appealed to this court. *Affirmed.*

*Arik B. Fetscher*, self-represented, the appellant (cross claim plaintiff).

*Robert C. E. Laney*, with whom was *Karen L. Allison*, for the appellee (cross claim defendant Costello and McCormack, P.C.).

*Nadine Pare*, for the appellees (cross claim defen-

dant William Westcott et al.).

*Opinion*

ELGO, J. The cross claim plaintiff, Arik B. Fetscher,[1] appeals from the summary judgment rendered by the trial court in favor of the cross claim defendants, Costello and McCormack, P.C. (Costello), Attorney William Westcott, and Maya Murphy, P.C. (Maya).[2] On appeal, Fetscher claims that the court improperly (1) construed his cross claim as one sounding in legal malpractice and (2) concluded that no genuine issue of material fact existed with respect to that claim. We disagree and, accordingly, affirm the judgment of the trial court.

In 2012, Fetscher commenced a civil action against his then stepfather, Nicholas Manero, Jr., and a business known as Nick Manero's II, Inc. In response, Nick Manero's II, Inc., brought a countersuit against Fetscher alleging breach of fiduciary duty, unjust enrichment, and conversion.[3] The cases were consolidated and, prior to trial, Fetscher retained the services of the Maya defendants.[4] Following a trial, the court found that Fetscher "breached his fiduciary obligations to defendant Nick Manero's II, Inc. . . . through a long series of misappropriations of corporate funds," that he "knowingly and wrongfully converted [corporate assets] to his own use," and that he "was unjustly enriched at the corporation's expense . . . ." *Fetscher* v. *Manero*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-12-6012822-S (May 21, 2014). The court thus rendered judgment in favor of Nick Manero's II, Inc. Id. No appeal was taken from that judgment.

In January, 2015, Costello commenced an unrelated action sounding in breach of contract and unjust enrichment against Constance Manero[5] to collect unpaid fees for legal services rendered on her behalf in a dissolution of marriage proceeding. Appearing in a self-represented capacity, Manero filed a handwritten response to that complaint and Costello filed a certificate of closed pleadings on March 25, 2015. On April 8, 2016, a hearing was held before an attorney fact finder pursuant to General Statutes § 52-549n.[6]

On May 16, 2016, Manero filed a motion to implead Fetscher, Westcott, and Maya as third-party defendants. In granting that motion on May 31, 2016, the court noted that Manero had set forth "assertions of harm caused by specific acts and/or omissions committed by the proposed third parties." Manero then filed a "Third Party Plaintiff/Defendant Complaint" on June 29, 2016, which named Fetscher, Westcott, and Maya as third-party defendants.[7]

On August 1, 2016, the attorney fact finder filed a report on Costello's breach of contract action, in which he concluded that Costello had proven its entitlement to $45,438.05 in unpaid legal fees from Manero. When Manero filed no objection thereto, the court rendered

judgment in favor of Costello "in accordance with the fact finder's report."

On August 2, 2016, Fetscher filed what he titled an "Answer Defenses and Cross Claim" in response to his mother's third-party complaint. Costello filed an answer and three special defenses to Fetscher's cross claim on November 4, 2016. Those special defenses alleged that (1) Fetscher "lacks standing to make any claims against [Costello] as [Fetscher] has never been represented by [Costello]"; (2) Fetscher's cross claim "fails to state a claim for which relief can be granted"; and (3) Costello "owed no duty" to Fetscher.[8] On February 7, 2017, the Maya defendants filed an answer and a special defense, in which they alleged that "it is not possible for Fetscher to prevail on his claims, as he was cocounsel in the [*Fetscher* v. *Manero*, supra, Superior Court, Docket No. CV-12-6012822-S] case that he claims was mishandled and as cocounsel Fetscher was jointly and severally responsible for the decisions that were made in his case, which he fully considered and agreed to at the time."

On January 25, 2017, the court ordered that the pretrial discovery period on Fetscher's cross claim would conclude on February 7, 2017, at which time all expert witnesses were to be disclosed. A certificate of closed pleadings was filed on February 7, 2017. On that date, Fetscher filed an expert witness disclosure, in which he disclosed four experts: Attorney Daniel F. McGuire, Attorney Daniel M. Young, Attorney Salvatore Meli, and Walter McKeever, a certified public accountant.

In response, the Maya defendants filed a motion to preclude that expert testimony due to Fetscher's failure to comply with the strictures of Practice Book § 13-4. They further averred that McGuire, Young, and Meli were unaware of Fetscher's disclosure and had no intention of acting as experts on his behalf. Appended to that pleading were copies of correspondence from McGuire, Young, and Meli, in which all three individuals disclaimed any interest in serving as an expert witness for Fetscher.[9] Costello filed a separate motion to preclude a day later, in which it alleged that Fetscher had failed to comply with the requirements of § 13-4 and had "knowingly and intentionally made material misrepresentations in his disclosure of expert witnesses, and essentially committed a fraud upon this court." By order dated April 3, 2017, the court ruled that Fetscher's February 7, 2017 disclosure was timely "but fail[ed] to meet the requirements of [§] 13-4. The motion [to preclude expert testimony] is granted . . . unless within [ten] days the disclosures are revised to satisfy [§] 13-4."

Fetscher filed a revised expert witness disclosure on April 5, 2017. After reviewing that pleading, the court issued an order precluding Fetscher from offering expert testimony. The court at that time explained that it had "reviewed [Fetscher's amended expert witness disclosure] and finds it woefully inadequate to satisfy

the requirements of [Practice Book] § 13-4. The only reference to opinions is a statement that opinions will be given and that an 'accounting was needed and hired' and that the opinion is necessary. No other reference is made to any of the requirements of [§] 13-4 (b) (1) and no effort is made to satisfy them. The court notes further that the final sentence of [§ 13-4 (b) (3)] does not excuse compliance with subsection (b) (1). In conclusion, the court has given ample time and opportunity to comply with the result that the revised disclosure is wholly lacking in even a semblance of compliance. Therefore the only proper and proportional remedy is preclusion." The court nonetheless indicated, in a subsequent order issued on May 22, 2017, that Fetscher "may in a timely manner further revise the disclosure [of expert witnesses] in an attempt to comply with [Practice Book] § 13-4." The record before us indicates that Fetscher did not avail himself of that opportunity, as it is bereft of any compliant disclosure on his part.[10]

On January 9, 2018, the court set a trial date of April 24, 2018. The court further ordered that "[b]y January 23, 2018, any requests to file a motion for summary judgment . . . shall be filed . . . ." In accordance therewith, Costello and the Maya defendants sought permission to file motions for summary judgment on Fetscher's cross claim, which the court granted. They then filed respective motions for summary judgment, predicated primarily on Fetscher's failure to properly disclose expert testimony in accordance with Practice Book § 13-4 to substantiate his legal malpractice claim against them.

Fetscher did not file an opposition to the motions for summary judgment or a memorandum of law. Instead, he filed a three page objection, in which he insisted that "[t]he requests and motion for summary judgment should be denied as they fail as a matter of law to address any issue or claim besides the negligence claim solely. The claims for breach of contract, breach of fiduciary duty, intentional torts are not addressed by the moving parties . . . in [their] motions for summary judgment." Apart from reciting the general standard that governs motions for summary judgment, Fetscher provided no discussion of legal authority in that objection. He further provided no affidavits or supporting documentation of any kind. The court overruled Fetscher's objection on June 11, 2018.

On that date, the court also granted the motions for summary judgment filed by Costello and the Maya defendants. In rendering judgment in favor of the Maya defendants, the court ruled that Fetscher's failure to disclose an expert in accordance with Practice Book requirements foreclosed, as a matter of law, any recovery on his "legal malpractice" action. With respect to Costello's motion for summary judgment, the court reiterated that noncompliance and also emphasized that

Fetscher's complaint "does not allege facts which give rise to an attorney-client relationship [between Fetscher and Costello] which is an essential element of a legal malpractice [action]."[11] Fetscher filed a motion for reargument and reconsideration, which the court denied, and this appeal followed.

## I

On appeal, Fetscher claims that the court improperly construed his cross claim as one sounding in legal malpractice. We do not agree.

"[I]nterpretation of the pleadings . . . is always a question of law over which our review is plenary." *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 290, 87 A.3d 534 (2014). It is well established that "[t]he pleadings determine which facts are relevant and frame the issues for summary judgment proceedings or for trial. . . . The principle that a plaintiff may rely only [on] what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations [in the] complaint. . . . A complaint must fairly put the defendant on notice of the claims . . . against him. . . . The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . Only those issues raised by the [plaintiff] in the latest complaint can be tried before the jury." (Citations omitted; internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 621, 99 A.3d 1079 (2014). In the summary judgment context, our Supreme Court has explained that although "a court's ability to review the evidence, in order to determine whether a genuine issue of fact exists, is not limited to the pleadings," Connecticut law is "clear [that] a plaintiff's theories of liability, and the issues to be tried, are limited to the allegations [in the] complaint." (Internal quotation marks omitted.) Id., 622 n.5; see also id. (allowing "[the] plaintiff [to] rely on a theory of liability that he has not raised in his [operative] complaint . . . ignores our foundational pleading requirements"); *Stevens* v. *Helming*, 163 Conn. App. 241, 247, 135 A.3d 728 (2016) ("[t]he trial court, in ruling on the defendants' motion for summary judgment, was limited to the facts alleged in the complaint standing alone").

We begin, therefore, with Fetscher's operative complaint, his August 2, 2016 "Answer Defenses and Cross Claim." That two paragraph pleading states in full: "This answer is filed pursuant to [Practice Book §§] 10-6, 10-50, 10-51, 10-53 and 10-54. [Fetscher], an implead [third-party] defendant, as previously stated concurs with [Manero] in her pleadings of fact and asserts his special defenses and asserts both a cross claim and a counterclaim and set off against attorneys Westcott and Costello. [Fetscher] raised the issue several times with both Attorney Westcott and Attorney Costello concerning both [Manero's] interest in the companies as well as

the issue of a conflict in having Gilbride, Tusa, Last and Spellane represent both [Manero's husband] as well as the companies of which by their own request (see exhibit A, item 6, page 9) [Manero] had an interest in the results of the case between [Fetscher] and the companies for which she would have to approve any settlement offer. Absent experts or [Manero's] attorneys involvement, despite being given notice by both [Fetscher] as well as being apprised of the interest by [the attorney for Manero's husband], both Attorney Westcott and Attorney Costello were willfully derelict in their representation.

"Exhibit A attached (page 9 of proposed settlement offer), clearly shows in item 5 a conflict between the attorney, accountant, [Manero's husband] and the company and in their representation on behalf of the Manero companies and item 6 clearly states that [Manero] had an interest in the companies and in the outcome of the case for which both Attorney Costello and Attorney Westcott failed to abide by their clients' lawful requests or follow up and/or file any motions concerning the issue. I alone tried to raise the issue before the [c]ourt by filing a verbal objection prior to trial but absent the efforts and assistance of either Attorney Costello or Attorney Westcott was judged unbelievable a fact which the evidence and their support could have clearly corrected."[12]

It is axiomatic that "[a] complaint must fairly put the defendant on notice of the claims . . . against him." *Farrell* v. *St. Vincent's Hospital*, 203 Conn. 554, 557, 525 A.2d 954 (1987). We further are mindful that "[t]he burden is on a plaintiff to plead his case clearly and not to expect the court or his opposing counsel to have to wade through a poorly drafted complaint to glean from it the plaintiff's theories of relief." *Fort Trumbull Conservancy, LLC* v. *Alves*, 286 Conn. 264, 277 n.13, 943 A.2d 420 (2008). Liberally construing Fetscher's two paragraph complaint, we conclude that the only claim contained therein is one sounding in legal malpractice. That pleading does not specify any particular cause of action. Rather, it simply alleges that "Attorney Costello" and "Attorney Westcott" were "willfully derelict in their representation" in light of an alleged conflict of interest. The complaint further alleges that "Attorney Costello and Attorney Westcott failed to abide by their clients' lawful requests or follow up and/or file any motions concerning the issue." In our view, those factual allegations can only be construed as ones advancing claims of legal malpractice. For that reason, the trial court properly concluded that Fetscher's operative complaint set forth claims of legal malpractice against Attorneys Westcott and Costello.

Fetscher nonetheless maintains that a document he filed on April 13, 2016, titled "Amended Motion to Implead Response," and not his August 2, 2016 "Answer

Defenses and Cross Claim," should be construed as the basis of the "claims and rationale" for his action against Costello and the Maya defendants.[13] That contention is problematic for at least two reasons. First, Fetscher *was not a party* to these proceedings until the court granted Manero's motion to implead on May 31, 2016. He thus could not have properly filed a cross claim of any kind more than one month earlier. Second, the court took no action on his April 13, 2016 filing in light of Fetscher's status as a nonparty. The record indicates that the court issued an order on April 25, 2016, advising all parties that "no action [was] necessary" on Fetscher's filing. Fetscher's reliance on that improper filing is thus unavailing.[14]

On our plenary review of the pleadings before us, we conclude that Fetscher's operative complaint was his August 2, 2016 "Answer Defenses and Cross Claim." We further conclude that this pleading sets forth a claim of legal malpractice against Costello and the Maya defendants.

## II

The remaining question is whether the court properly rendered summary judgment in favor of the cross claim defendants on the legal malpractice claim. We answer that query in the affirmative.

The standard governing our review is well established. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. . . . When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Northrup* v. *Witkowski*, 332 Conn. 158, 167, 210 A.3d 29 (2019). "[W]hether expert testimony is needed to support a claim of legal malpractice presents a question of law." (Internal quotation marks omitted.) *Moore* v. *Crone*, 114 Conn. App. 443, 446, 970 A.2d 757 (2009).

"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985). When the trial court grants a motion for summary judgment, our review of that determination is plenary. See *Lucenti* v. *Laviero*, 327 Conn. 764, 772–73, 176 A.3d 1 (2018).

"Malpractice is commonly defined as the failure of one rendering professional services to exercise that

degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . . Generally, a plaintiff alleging legal malpractice must prove all of the following elements: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." (Citation omitted; emphasis altered; internal quotation marks omitted.) *Bozelko* v. *Papastavros*, 323 Conn. 275, 283, 147 A.3d 1023 (2016). To prevail, a plaintiff generally is obligated to furnish expert testimony to establish both (1) the standard of care "against which the attorney's conduct should be evaluated" and (2) the element of causation.[15] Id., 284–85. Our decisional law is replete with cases in which motions for summary judgment have been granted on legal malpractice claims when the defendant failed to offer such testimony. See, e.g., id., 290; *Grimm* v. *Fox*, 303 Conn. 322, 337, 33 A.3d 205 (2012); *Law Offices of Robert K. Walsh, LLC* v. *Natarajan*, 124 Conn. App. 860, 863–64, 7 A.3d 391 (2010); *Byrne* v. *Grasso*, 118 Conn. App. 444, 448, 985 A.2d 1064 (2009), cert. denied, 294 Conn. 934, 987 A.2d 1028 (2010); *Moore* v. *Crone*, supra, 114 Conn. App. 447; *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 299–300, 898 A.2d 193 (2006); *Vona* v. *Lerner*, 72 Conn. App. 179, 189, 804 A.2d 1018 (2002), cert. denied, 262 Conn. 938, 815 A.2d 138 (2003); *Solomon* v. *Levett*, 30 Conn. App. 125, 128, 618 A.2d 1389 (1993); *Somma* v. *Gracey*, 15 Conn. App. 371, 374–75, 544 A.2d 668 (1988).

Despite having ample opportunity to do so, Fetscher failed to properly disclose expert witnesses in accordance with the requirements of our rules of practice. Absent such testimony, the finder of fact could not properly evaluate Fetscher's claims that Costello and the Maya defendants were "willfully derelict in their representation" and "failed to abide by their clients' lawful requests or follow up and/or file any motions concerning the [conflict of interest] issue." Because Fetscher could not establish a prima facie case of legal malpractice without the introduction of expert testimony to prove either a breach of the applicable standard of care or the element of causation, we conclude that the trial court properly rendered judgment in favor of Costello and the Maya defendants.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] For purposes of clarity, we refer to the cross claim plaintiff by his surname. In addition, we note that Fetscher has appeared before this court in a self-represented capacity. Although currently licensed to practice law in this state, his license was under suspension at the time of argument before this court. See *Office of Chief Disciplinary Counsel* v. *Fetscher*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-19-6040003-S (March 25, 2019).

[2] We refer to Westcott and Maya individually by name and collectively as the Maya defendants.

[3] Because it provides context for the present action, we take judicial notice of the record of those proceedings. See, e.g., *Jewett* v. *Jewett*, 265 Conn. 669, 678 n.7, 830 A.2d 193 (2003) ("[t]here is no question that the [court] may take judicial notice of the file in another case" [internal quotation marks omitted]); *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 865 n.4, 675 A.2d 441 (1996) (taking judicial notice of outcome of criminal trial); *State* v. *Allen*, 205 Conn. 370, 382, 533 A.2d 559 (1987) ("judicial notice can be taken at any stage of the proceedings including on appeal"). Moreover, a copy of the court's decision in *Fetscher* v. *Manero*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-12-6012822-S (May 21, 2014), was submitted as an exhibit to the Maya defendants' motion for summary judgment.

[4] The Maya defendants filed an appearance on January 28, 2014. Pursuant to the retainer agreement between the parties, the scope of their representation was "unique insofar as [Fetscher] is a licensed attorney in the State of Connecticut, he has filed a pro se appearance in the litigation, and he fully intends to act as co-counsel in the litigation." It is undisputed that Fetscher actively participated in those proceedings, including trial.

[5] Constance Manero is Fetscher's mother. Although she is a party to the action underlying this appeal, Manero has not participated in this appeal, which concerns Fetscher's cross claim against Costello and the Maya defendants. In an attempt to bring some clarity to the convoluted procedural history of this case, we refer to Constance Manero by her surname in this opinion.

[6] General Statutes § 52-549n provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than fifty thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the certificate of closed pleadings has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

[7] That complaint concerned the alleged failure of the third-party defendants to protect Manero's interests in the litigation among her son, her former husband, and her former husband's business entity. Although she testified as a witness at trial, Manero was not a party to that litigation. The record of those proceedings further indicates that Manero unsuccessfully attempted to intervene therein more than one year after the court had rendered judgment in that case.

[8] Costello subsequently filed a motion to dismiss Fetscher's cross claim for lack of standing, which the court denied. On appeal, Fetscher argues that the doctrine of res judicata bars the entry of summary judgment in light of that ruling. We disagree. Costello's motion to dismiss concerned the issue of Fetscher's standing, which presented a jurisdictional question for the court. See, e.g., *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 552, 133 A.3d 140 (2016) ("a plaintiff's lack of standing is a jurisdictional defect"). That motion did not challenge the sufficiency of the allegations of Fetscher's operative complaint, nor did it raise the question of precisely which causes of action were contained therein. Moreover, the proper construction of that complaint remains a question of law subject to our plenary review, irrespective of any interpretation applied by the trial court. See *Meyers* v. *Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.*, 311 Conn. 282, 290, 87 A.3d 534 (2014); *Caron* v. *Connecticut Pathology Group, P.C.*, 187 Conn. App. 555, 564, 202 A.3d 1024, cert. denied, 331 Conn. 922, 206 A.3d 187 (2019). Fetscher's reliance on the doctrine of res judicata, therefore, is misplaced.

[9] In his February 13, 2017 correspondence, Young stated in relevant part: "I had no knowledge that I would be or had been disclosed as an expert in [this] matter, and I have not been retained by any party to provide expert witness testimony." In his February 10, 2017 correspondence, Meli similarly stated: "I have not been engaged as an expert, nor will I agree to act as an expert on behalf of any party in the referenced litigation. I also will not voluntarily appear as a fact witness in this matter."

In a letter dated February 9, 2017, McGuire stated in relevant part: "Simply put, I did not, nor did anyone associated with my firm agree to be an expert in this case. . . . When I discovered (today) that Mr. Fetscher had falsely designated me as his expert, I immediately called him and demanded that he withdraw my name. Mr. Fetscher, begrudgingly, agreed to do so and informed me that he 'had no choice' but to submit my name because of the February 7 . . . disclosure deadline. I told him that submitting my name without my permission (or knowledge) was unprofessional and that he had probably committed a fraud on this [c]ourt by representing that he was in compliance with [the court's] February 7 . . . deadline . . . . Disturbingly, Mr. Fetscher did not seem to care. . . ."

Two days after the court-ordered deadline for disclosure of expert witnesses, Fetscher filed what he titled an "Expert Witness Disclosure Amended," in which he again disclosed Young, Meli, and McKeever as expert witnesses, while also indicating that he was removing McGuire from his list of experts. Fetscher did not request permission from the court to submit that untimely filing, and there is no indication in the record before us that the court authorized or otherwise considered it.

[10] On appeal, Fetscher argues that the court improperly precluded him from offering expert testimony. We disagree. Appellate review of the trial court's decision to preclude expert testimony is governed by the abuse of discretion standard; *Weaver* v. *McKnight*, 313 Conn. 393, 405, 97 A.3d 920 (2014); a deferential standard under which we indulge every reasonable presumption in favor of the court's ruling. *State* v. *Campbell*, 328 Conn. 444, 522, 180 A.3d 882 (2018). On our review of the record before us, we perceive no abuse of discretion by the trial court.

[11] In support of its motion for summary judgment, Costello submitted, inter alia, a copy of its January 28, 2013 retainer agreement with Manero and the affidavit of Attorney Kiernan J. Costello, in which he averred that neither he nor his law firm had provided legal representation to Fetscher in any matter.

[12] That pleading does not contain "a plain and concise statement of the material facts . . . to be divided into paragraphs numbered consecutively, each containing as nearly as may be a separate allegation," as required by Practice Book § 10-1, nor does it contain a demand for relief of any kind, in contravention of Practice Book § 10-20. To the extent that Fetscher asserts that his cross claim contains multiple distinct causes of action, his complaint does not comport with Practice Book § 10-26, which provides: "Where separate and distinct causes of action, as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction, are joined, the statement of the second shall be prefaced by the words *Second Count*, and so on for the others; and the several paragraphs of each count shall be numbered separately beginning in each count with the number one."

[13] The procedural morass of this case deepened on March 29, 2016, when Fetscher filed an appearance on behalf of Manero and then took steps on her behalf to implead himself as a third-party defendant.

[14] Throughout the course of this litigation, the trial court admonished Fetscher for his failure to comply with the rules governing the practice of law in this state. For example, Fetscher filed a motion for a protective order due to Costello's alleged noncompliance with a discovery request. In denying that motion, the court stated: "[Fetscher's] motion makes no mention of interrogatories or requests for production with which the defendants have failed to comply. Under our rules discovery is not initiated by e-mail correspondence but rather by compliance with [Practice Book §§] 13-6 and 13-9. The procedure employed [by Fetscher] shows either a disregard for or ignorance of our rules of practice with which even self-represented parties are expected to comply." In another instance, Fetscher filed a motion for reconsideration on the basis of "supplemental information," which the court denied. In sustaining Costello's objection to that motion, the court explained that "[t]here is no provision in the Practice Book which permits a supplementation to a motion that has been previously adjudicated. Accordingly, [Fetscher's motion] is stricken from the docket. Pursuant to Practice Book § 1-25, [Fetscher] is cautioned not to assert a claim or file a document unless there is a basis in law and fact for doing so that is not frivolous. Should [Fetscher] continue to file documents or pleadings which are not authorized by the rules the court will consider sanctions including but not limited to fines pursuant to [General Statutes §] 52-84, orders requiring the offending party to pay the costs and expenses including attorney's fees, orders restricting the filing of papers with the court, nonsuit or default, [and] orders mandating continuing education in the art of pleading in civil matters."

[15] That expert testimony requirement is subject to an exception that "is limited to situations in which [an] attorney essentially has done nothing whatsoever to represent his or her client's interests . . . ." (Internal quotation marks omitted.) *Grimm* v. *Fox*, 303 Conn. 322, 335, 33 A.3d 205 (2012). Fetscher did not invoke this exception before the trial court and has not raised such a claim before this court. On the undisputed facts of this case, in which Fetscher never maintained an attorney-client relationship with Costello and served as cocounsel at all relevant times with the Maya defendants, that limited exception is plainly inapplicable.